UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

E-ONE, INC., a Delaware corporation;
and REV GROUP, INC., a Delaware
corporation,

CASE NO.: 8:18-cv-617-T-30t6W

               Plaintiffs,

v.

PIERCE MANUFACTURING, INC.,
a Wisconsin corporation,

               Defendant.

_____/

## COMPLAINT

Plaintiffs, E-One, Inc. ("E-One") and REV Group, Inc. ("REV Group") (collectively, "Plaintiffs"), sue Defendant, Pierce Manufacturing Inc. ("Pierce"), and allege:

## PARTIES

1.     E-One is a Delaware corporation with its principal place of business in Ocala, Florida.

2.     REV Group is a Delaware corporation with its principal place of business in Milwaukee, Wisconsin. REV Group maintains headquarters in Milwaukee, Wisconsin and Miami, Florida.

3.     Pierce is a Wisconsin corporation with its principal place of business in Appleton, Wisconsin.

4.     Pierce regularly conducts business and maintains a permanent business address within this District at 1512 38th Avenue East, Bradenton, Florida. Upon

information and belief, Pierce considers its Bradenton, Florida location to be its "Florida Division" and headquarters. It also maintains one of its two manufacturing facilities at its Florida location.

## JURISDICTION AND VENUE

5.      This is an action for declaratory relief of non-infringement of U.S. Pat. No. 9,597,536 (the "'536 Patent") and U.S. Pat. No. 9,814,915 (the "'915 Patent") (collectively the "Asserted Patents"), and to redress harm arising from Pierce's violations of the Florida Patent Troll Prevention Act (Fla. Stat. §501.991, *et seq.*).

6.      The claims for declaratory relief arise under a federal statute, namely the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

7.      This Court has subject matter jurisdiction over the declaratory relief claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367, as those claims arise from the same common nucleus of operative fact as the federal claims.

8.      This Court has personal jurisdiction over Pierce pursuant to Florida Statute §48.193 because it has engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise.  This Court also has personal jurisdiction over Pierce pursuant to Florida Statute § 48.193 because it committed a tortious act within this state.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 in that Pierce committed a tortious act within this Division of this state.

2

## GENERAL ALLEGATIONS

### E-One and REV Group

10.    E-One is an industry leader in the engineering, manufacturing and sale of fire trucks.

11.    E-One's headquarters are located in Ocala, Florida, and include its main manufacturing facility spanning approximately 390,000 square feet.

12.    One of the fire engines that E-One manufactures is named the "Metro 100." The Metro 100 is what is commonly referred to in the industry as a "quint," which is the name for a type of fire engine that has five key attributes: (1) an aerial device (e.g., a ladder that rises from the fire engine); (2) a pump; (3) a water tank; (4) fire hoses; and (5) ground ladders.

13.    E-One is a subsidiary of REV Group, and one of the companies that comprises the "Fire Group" within the REV Group's family of brands.

14.    REV Group is a publicly-traded company, and the parent company of more than thirty (30) separate subsidiary companies, each of which produce specialty vehicles. REV Group's subsidiaries produce a wide variety of vehicles, including recreational vehicles, buses, ambulances, and a variety of emergency vehicles.

15.    Although REV Group extensively markets and promotes its family of brands, REV Group itself does not design, manufacture, sell, or offer for sale vehicles of any type. Those tasks are reserved for each of REV Group's wholly owned subsidiaries, each of which have developed a considerable amount of expertise in connection with the vehicles and apparatus that they design and manufacture.

3

16.    REV Group is not involved in the day-to-day operations of its subsidiaries, and each of its subsidiaries has its own management team and employees. Each of REV Group's subsidiaries maintain their own headquarters, and REV Group does not share its headquarters with any of its subsidiaries.

17.    REV Group provides corporate marketing support for each of its subsidiary companies and related brands—although each subsidiary (including E-One) also has its own marketing department. Corporate marketing support helps ensure that when a brand like E-One presents products at a trade show, it does so in such way that potential customers understand that they are not merely doing business with one small company, but rather, with a large, family of companies that offer a variety of products. Maintaining consistency across its various brands, REV Group also helps promote an image of stability to potential customers.

18.    REV Group has never made, "have made," sold, or offered for sale any fire engines or similar vehicles within the definition of 35 U.S.C. §§ 1, *et seq*, anywhere in the United States, its territories or possessions. REV Group has no manufacturing facilities capable of producing such vehicles or related apparatuses.

**Pierce's Wrongful Demand Letter**

19.    Pierce manufactures various types of fire engines and related apparatuses, including a line of vehicles that Pierce refers to by the name "Ascendant."

20.    On or about June 13, 2017, Pierce sent a demand letter (the "Demand Letter") to E-One at its Ocala, Florida location. A copy of the Demand Letter is attached

4

as Exhibit A. The Demand Letter was directed to Jim Salmi, E-One's Director of Aerial Product Development.

21.     In the Demand Letter, Pierce claimed that it had "secured a number of patents for [its] Ascendant class of aerials" and "[t]hese patents include at least U.S. Patent No. 9,302,129; U.S. Patent No. 9,492,695; U.S. Patent No. 9,504,863; U.S. Patent No. 9,579,530; U.S. Patent No. 9,597,536; U.S. Patent No. 9,580,960; and U.S. Patent No. 9,580,962."

22.     Pierce's Demand Letter also asserted that E-One's "promotion and sale of the Metro 100 Quint fire apparatus" sold to the Sarasota County Fire Department "infringes one or more claims of our Ascendant patents...."

23.     Pierce vaguely warned E-One that it "will continue to evaluate E-One's product offerings" without any guidance as to the scope of its "Ascendant patents" or the E-One products to which those patents applied. Pierce provided no guidance as to how all but one claim of one patent were implicated by E-One's Metro 100 fire engine.

24.     The seven (7) "Ascendant patents" listed in the Pierce Demand Letter collectively include hundreds of claims. Pierce identified a single claim from U.S. Patent No. 9,597,536 (the "'536 Patent") as having been infringed by a single product manufactured by E-One. As for the remaining "Ascendant patents," Pierce invited E-One to "review [Pierce's] patent portfolio and provide a substantive response to our concerns."

25.     The Demand Letter never mentioned REV Group, did not accuse REV Group of any infringing conduct, and was not sent to REV Group.

**Pierce's Improper Filing of an Action against E-One and REV Group**

26.    For more than eight (8) months following the transmission of the Demand Letter, Pierce made no effort to engage in further discussions with E-One, or to explain how all of its "Ascendant patents" asserted in the Demand Letter were allegedly infringed by E-One's Metro 100 fire engine. During that same period of time, Pierce made no effort to communicate with REV Group regarding any of the matters that were raised in the Demand Letter.

27.    Then on Friday, February 23, 2018, Pierce improperly and wrongfully sued E-One and REV Group for patent infringement in the Eastern District of Wisconsin (the "Wisconsin Action") in violation of applicable law.

28.    In the Wisconsin Action, Pierce alleged that E-One and REV Group infringed the '536 Patent and U.S. Patent No. 9,814,915 (the "'915 Patent") by virtue of their manufacturing, sale and promotion of the Metro 100 fire engine.

29.    At the time Pierce commenced the Wisconsin Action, it knew or should have known that Wisconsin was an improper venue for claims of patent infringement against E-One and REV Group. Indeed, Pierce or its counsel were undoubtedly aware of the U.S. Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017), which held that for purposes of venue in patent infringement actions, a corporate defendant can only be sued: (1) where it "resides," *i.e.* only in the state in which it is incorporated, or (2) where the defendant has allegedly committed acts of infringement *and* has a regular and established place of business.

6

30.     Indeed, Pierce alleged in the Wisconsin Action that ***both*** E-One and REV Group are companies organized and existing under the laws of Delaware—not Wisconsin. Thus, Pierce knew at the time it commenced the Wisconsin Action that it was doing so in a place other than where E-One and REV Group "reside" for purposes of venue.

31.     In 2017, the U.S. Court of Appeals for the Federal Circuit also clarified the meaning of the phrase "regular and established place of business" for purposes of venue in patent infringement actions. In *In re Cray Inc.,* 871 F.3d 1355, 1360-61 (Fed. Cir. 2017), the Federal Circuit explained that there are three general requirements for establishing the "regular and established place of business": "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."

32.     Just as it ignored the U.S. Supreme Court's statement regarding where a corporation resides for venue purposes, Pierce also disregarded the Federal Circuit's binding precedent on venue. Pierce was well aware at the time of filing of the Wisconsin Action that E-One did not have a "regular and established place of business" in Wisconsin, and that it had not committed an alleged act of infringement in Wisconsin. Recognizing it could not allege that E-One had a place of business in Wisconsin, or that that E-One had not committed an alleged act of infringement in Wisconsin, Pierce instead speciously alleged that one of E-One's corporate officers listed a Wisconsin address as his address.

33.     Pierce also wrongfully joined REV Group as a defendant in the Wisconsin Action in contravention of its obligations under the Rules of Civil Procedure. As alleged throughout the complaint in the Wisconsin Action, REV Group promoted and marketed

7

*inter alia* the E-One brand.  As Piece was undoubtedly aware, and as the Federal Circuit has repeatedly explained, the mere marketing and promotion of a brand and its products, even where those products may be infringing, does not constitute an act of infringement. *See, e.g., Linear Techn. Corp. v Micrel, Inc.,* 275 F.3d 1040, 1049-50 (Fed. Cir. 2001) (Newsletter extolling the virtues of invention is a form of promotional material and not an offer for sale); *Group One, Ltd. v. Hallmark Cards,* 254 F.3d 1041, 1948 (Fed. Cir. 2001) (general advertisements are not offers for sale under §271(a) since "contract law traditionally recognizes that mere advertising and promoting of a product may be nothing more than an invitation for offers, while responding to such an invitation may itself be an offer").

34.    Upon information and belief, Pierce, wanting to sue in its home state, only joined REV Group as a defendant in the Wisconsin Action because Rev--but not E-One-- has a headquarters in Wisconsin, and because Pierce knew that it had no ability to otherwise attempt to establish jurisdiction or venue over E-One based on E-One's own activities. Even the most cursory and inadequate pre-filing investigation would have revealed to Pierce that REV Group does not manufacture or sell the Metro 100 fire engine.

35.    E-One and REV Group are both challenging, *inter alia,* venue in the Wisconsin Action consistent with binding precedent, and both anticipate that the Wisconsin Action will be dismissed or transferred to this District.  E-One, which has not shipped any Metro 100 fire engines into Wisconsin as of the commencement of this action, is also challenging personal jurisdiction in Wisconsin.

8

## COUNT I – FLORIDA PATENT TROLL PREVENTION ACT

36.     E-One re-alleges paragraphs 1 through 35 in support of this Count.

37.     E-One has been aggrieved by the material misrepresentations in Pierce's June 13, 2017 demand letter, and now sues for a violation of the Florida Patent Troll Prevention Act (Fla Stat. §§ 501.991 *et seq.*) pursuant to Fla. Stat. § 501.995.

38.     In its demand letter, Pierce violated said statute by materially misleading E-One by withholding sufficient information to determine whether the promotion and sale of E-One's Metro 100 fire engine infringed any of the following patents, none of which are at issue in the Wisconsin Action: U.S. Patent No. 9,302,129; U.S. Patent No. 9,492,695; U.S. Patent No. 9,504,863; U.S. Patent No. 9,579,530; U.S. Patent No. 9,580,960; and/or U.S. Patent No. 9,580,962.

39.     Pierce's conduct constitutes a bad faith assertion of patent infringement pursuant to Fla. Stat. § 501.993(c).

40.     E-One has suffered and will continue to suffer actual damages by having to incur significant time and expenses, including attorneys' fees, reviewing the yet-to-be asserted, or potentially never-to-be asserted, Ascendant patents listed in the Demand Letter.

41.     E-One does not have an adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT BY E-ONE ('536 PATENT)

42.     E-One re-alleges paragraphs 1 through 35 in support of this Count.

43.     This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9

44.     There is a real, immediate, substantial, and justiciable controversy between Pierce, on the one hand, and E-One on the other hand, concerning whether the use, offering for sale, sale, or manufacturing of the Metro 100 fire engine infringes any claim of the '536 Patent.

45.     The manufacture, use, sale, offer for sale, or importation into the United States of the Metro 100 fire engine will not infringe any claim of the '536 Patent.

46.     E-One is entitled to a judicial determination that the manufacture, use, sale, offering for sale, or importation of the Metro 100 fire engine will not infringe, directly or indirectly, any claim of the '536 Patent.

## COUNT III – DECLARATORY JUDGMENT OF NON-INFRINGEMENT BY E-ONE ('915 PATENT)

47.     E-One re-alleges paragraphs 1 through 35 in support of this Count.

48.     This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

49.     There is a real, immediate, substantial, and justiciable controversy between Pierce, on the one hand, and E-One on the other hand, concerning whether the use, offering for sale, sale, or manufacturing of the Metro 100 fire engine infringes any claim of the '915 Patent.

50.     The manufacture, use, sale, offer for sale, or importation into the United States of the Metro 100 fire engine will not infringe any claim of the '915 Patent.

51.     E-One is entitled to a judicial determination that the manufacture, use, sale, offering for sale, or importation of the Metro 100 fire engine will not infringe, directly or indirectly, any claim of the '915 Patent.

10

## COUNT IV – DECLARATORY JUDGMENT OF NON-INFRINGEMENT BY REV GROUP ('536 PATENT)

52.     REV Group re-alleges paragraphs 1 through 35 in support of this Count.

53.     This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

54.     There is a real, immediate, substantial, and justiciable controversy between Pierce, on the one hand, and REV Group on the other hand, concerning whether REV Group's conduct, namely, providing corporate marketing support to its subsidiary E-One and promoting E-One and its products, infringes any claim of the '536 Patent.

55.     Rev Group's alleged conduct as described in the Wisconsin Action does not constitute making, using, selling, offering for sale, or importing of the Metro 100 fire engine, and as such, does not constitute patent infringement pursuant to 35 U.S.C. § 271.

56.     REV Group is entitled to a judicial determination that its conduct does not and will not infringe, directly or indirectly, any claim of the '536 Patent.

57.     This is an exceptional case under 35 U.S.C. § 285.  By virtue of Pierce's obvious lack of pre-filing investigation of claims asserted against REV Group, and its bad faith assertion of claims of patent infringement against REV Group merely in an attempt to secure jurisdiction and venue over E-One in its home jurisdiction of Wisconsin, REV Group is entitled to a finding that this is an exceptional case and the remedies associated with such a finding.

## COUNT V – DECLARATORY JUDGMENT OF NON-INFRINGEMENT BY REV GROUP ('915 PATENT)

58.     REV Group re-alleges paragraphs 1 through 35 in support of this Count.

11

59.     This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

60.     There is a real, immediate, substantial, and justiciable controversy between Pierce, on the one hand, and REV Group on the other hand, concerning whether REV Group's conduct, namely, providing corporate marketing support to its subsidiary E-One and promoting E-One and its products, infringes any claim of the '915 Patent.

61.     Rev Group's alleged conduct as described in the Wisconsin Action does not constitute making, using, selling, offering for sale, or importing of the Metro 100 fire engine, and as such, does not constitute patent infringement pursuant to 35 U.S.C. § 271.

62.     REV Group is entitled to a judicial determination that its conduct does not and will not infringe, directly or indirectly, any claim of the '915 Patent.

63.     This is an exceptional case under 35 U.S.C. § 285. By virtue of Pierce's obvious lack of pre-filing investigation of claims asserted against REV Group, and bad faith assertion of claims of patent infringement against REV Group merely in an attempt to secure jurisdiction and venue over E-One in its home jurisdiction of Wisconsin, REV Group is entitled to a finding that this is an exceptional case and the remedies associated with such a finding.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against Defendant as follows:

A.     In connection with Count I: finding that Pierce's claims or assertions of infringement of the patents identified in the Demand Letter are or were made in bad faith;

12

preliminarily and permanent injunctive relief restraining Pierce from asserting the patents identified in the Demand letter and making further faith demands of infringement; awarding actual damages, in the form of attorneys' fees and costs incurred in evaluating the patents identified in the demand letter; awarding punitive damages; and awarding costs and fees, including reasonable attorney's fees, incurred in the prosecution of this claim;

B.      In connection with Counts II and III:  declaring that E-One's manufacture, use, sale, offering for sale, or importation of the Metro 100 fire engine, or any other product identified by Pierce, has not, does not, and will not infringe, directly or indirectly, any claim of the '536 Patent and the '915 Patent;

C.      In connection with Counts IV and V:  declaring that Rev Group's conduct has not, does not, and will not infringe, directly or indirectly, any claim of the '536 Patent and the '915 Patent; and declaring this case to be "exceptional" under 35 U.S.C. §285, and awarding REV Group its reasonable attorneys' fees, expenses and costs incurred in prosecuting this claim; and

D.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:_____

James A. Gale, Trial Counsel
Fla. Bar No. 371726
Samuel A. Lewis
Fla. Bar No. 55360
A. Robert Weaver
Fla. Bar No. 92132
COZEN O'CONNOR
200 S. Biscayne Blvd., 30th Floor
Miami, Florida 33131
Telephone: 305-358-5001
Fax: 866-778-6694
E-mail: JGale@Cozen.com,
        SLewis@Cozen.com,
        RWeaver@Cozen.com

*Counsel for E-One and REV Group*

14