# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PIERCE MANUFACTURING, INC. and
OSHKOSH CORPORATION,

    Plaintiffs,

v.                                     Case No: 8:18-cv-617-T-30TGW

E-ONE, INC. and REV GROUP, INC.,

    Defendants.

## ORDER

**THIS CAUSE** came on for consideration upon the Sealed Report and Recommendation submitted by Magistrate Judge Thomas G. Wilson (Dkt. S-44). Defendants filed objections to the Report and Recommendation. Plaintiff Pierce Manufacturing, Inc. responded to those objections.[1]

After careful consideration of the Report and Recommendation of the Magistrate Judge in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects. In addition to adopting the Report and Recommendation, the Court briefly addresses two points of contention: Defendants' challenge to the patents' validity, and the issue of Plaintiff's irreparable harm.

---

[1] After the Magistrate Judge entered the Report and Recommendation, the parties agreed that Oshkosh Corporation would join this action as a plaintiff. Any references to "Plaintiff" in this Order, however, are to Pierce Manufacturing, Inc., since it was the only plaintiff at the time of the motion for preliminary injunction and preliminary injunction hearing.

The Court should not enter a preliminary injunction if Defendants "raise[d] a substantial question concerning infringement or validity, meaning that [they] assert[ed] a defense that [Plaintiff] cannot prove lacks substantial merit." *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002) (internal citations omitted). Defendants argued that the patents involved in this case are invalid. But, as explained by the Magistrate Judge, these arguments were not well-developed and contained too many speculations. Therefore, at this stage, Defendants did not raise a *substantial question* concerning validity.

The Magistrate Judge also determined that Plaintiff would suffer irreparable harm without a preliminary injunction based on evidence of lost sales of Plaintiff's non-patented products. Specifically, Plaintiff introduced evidence to show that when it sells its patented apparatus to first-time customers, some of those customers purchase additional equipment from Plaintiff. In their objections to the Report and Recommendation, Defendants argued that lost profits from sales of Plaintiff's non-patented products are not "convoyed sales" recoverable in infringement cases. This is the first time Defendants raised this argument, so the Court has discretion to decline the argument on that basis alone. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (concluding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge" in the context of an argument raised for the first time in a plaintiff's objections to the magistrate's report and recommendation). Mindful that Defendants replaced their legal team after the preliminary injunction hearing, the Court will consider the argument.

The Report and Recommendation reflects that the evidence of Plaintiff's sales to new customers, not recovery of convoyed sales, informed the Magistrate Judge's determination. With an infringing apparatus in the market, Plaintiff loses the opportunity to sell its patented apparatus and additional equipment to what would be first-time customers. This damage is not quantifiable. And it is supported by Plaintiff's evidence about the fire apparatus market, including a declaration that buyers in the market prefer to purchase equipment from one manufacturer or seller because of the "benefits of fleet standardization." (Dkt. 12, p. 14, 37; Case No. 18-cv-976-JSM-TGW). *See Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017) (explaining in the irreparable harm context that where the plaintiff presented evidence of customers' preference to "purchase an entire line of products from the same manufacturer for consistency," "the loss by [plaintiff] of customers may have far-reaching, long-term impact on its future revenues, and the sales lost by [plaintiff] are difficult to quantify due to 'ecosystem' effects, where one company's customers will continue to buy that company's products and recommend them to others.") (internal citations omitted). Accordingly, Plaintiff demonstrated it would suffer irreparable harm without a preliminary injunction.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

1. The Report and Recommendation (Dkt. S-44) of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff's Motion for Preliminary Injunction (Dkt. 6, Case No. 18-cv-976-JSM-TGW) is GRANTED in part, to the extent that Defendant E-ONE is

hereby enjoined from making, using, selling, and offering to sell its Metro 100 Quint apparatus.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of November, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Counsel/Parties of Record