**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PIERCE MANUFACTURING INC. and
OSHKOSH CORPORATION,

    Plaintiffs,

v.                                         Case No.:  8:18-cv-617-JSM-TGW

E-ONE, INC. and REV GROUP, INC.,

    Defendants.

**DECLARATION OF SCOTT J. PIVNICK IN SUPPORT OF PLAINTIFFS
PIERCE MANUFACTURING INC. AND OSHKOSH CORPORATION'S
MOTION TO STRIKE THE SEPTEMBER 25, 2019 "ERRATA"
<u>OF DEFENDANTS' EXPERT WITNESS DR. JOSEPH RAKOW</u>**

I, Scott Pivnick, declare as follows:

1.    I am currently employed at Alston & Bird LLP as a Partner.

2.    I am one of the counsel of record for Plaintiffs Pierce Manufacturing Inc. and Oshkosh Corporation.

3.    Attached as Exhibit 1 is a true and correct copy of U.S. Patent No. 9,597,536.

4.    Attached as Exhibit 2 is a true and correct copy of U.S. Patent No. 9,814,915.

5.    Attached as Exhibit 3 is a true and correct copy of excerpts of the August 29, 2019 Corrected Opening Expert Report of Dr. Joseph Rakow re: Invalidity of United States Patent No. 9,597,536 and United States Patent No. 9,814,915.  This exhibit contains Highly Confidential – Outside Attorneys' Eyes Only information and is being filed under seal in accordance with the Protective Order (D.I. 106) in this case.

6. Attached as Exhibit 4 is a true and correct copy of excerpts of the August 26, 2019 Rebuttal Expert Report of Thomas R. Kurfess, Ph.D. re: Validity of U.S. Patent Nos. 9,597,536 and 9,814,915. This exhibit contains Highly Confidential – Outside Attorneys' Eyes Only information and is being filed under seal in accordance with the Protective Order (D.I. 106) in this case.

7. Attached as Exhibit 4 is a true and correct copy of excerpts of Plaintiff Pierce Manufacturing Inc.'s Objections and Responses to Defendant E-One, Inc.'s Second Set of Interrogatories, served October 22, 2018.

8. The following language from Exhibit 4 was also included in Pierce's supplemental interrogatory responses, dated October 22, 2018, May 31, 2019 and July 15, 2019: "Defendants fail to provide meaningful reasons to combine the references and ignore the inherent difficulty with simply adding or subtracting various elements without analyzing what effect changing the configuration of the fire apparatus would have on the weight of the truck and whether or not the additional weight could be supported on a single rear axle or if the components could be configured in such a way as to counterbalance a moment generated by a tip load when the ladder is in a horizontal orientation, among many other issues."

9. Attached as Exhibit 6 is a true and correct copy of excerpts of the transcript of the deposition of Alan Saulsbury, taken September 13, 2019. This transcript has been designated by Defendants as Highly Confidential – Outside Attorneys' Eyes Only information and is being filed under seal in accordance with the Protective Order (D.I. 106) in this case.

10. Attached as Exhibit 7 is a true and correct copy of an email dated September 25, 2019 from Mira Yohannes to counsel for Plaintiffs serving Dr. Rakow's September 25, 2019 "errata."

11. Attached as Exhibit 8 is a true and correct copy of a document titled, "Additional 200 Gallons of Water on Hinsdale Quint," served as an attachment to the September 25, 2019 email from Mira Yohannes to counsel for Plaintiffs. This document is one part of the three-part "errata" referenced in Plaintiffs' Motion to Strike. The cover email stated that the errata is Highly Confidential – Outside Attorneys' Eyes Only and so this document is being filed under seal in accordance with the Protective Order (D.I. 106) in this case.

12. Attached as Exhibit 9 is a true and correct copy of a document titled, "Calculation of Tip Load for Hinsdale Rosenbauer Truck, Ladder Extended to the Side," served as an attachment to the September 25, 2019 email from Mira Yohannes to counsel for Plaintiffs. This document is one part of the three-part "errata" referenced in Plaintiffs' Motion to Strike. This exhibit contains Highly Confidential – Outside Attorneys' Eyes Only information and is being filed under seal in accordance with the Protective Order (D.I. 106) in this case.

13. Attached as Exhibit 10 is a true and correct copy of a document entitled "Errata-Opening Report of Joseph Rakow," served as an attachment to the September 25, 2019 email from Mira Yohannes to counsel for Plaintiffs. This document is one part of the three-part "errata" referenced in Plaintiffs' Motion to Strike. This exhibit contains Highly Confidential

– Outside Attorneys' Eyes Only information and is being filed under seal in accordance with the Protective Order (D.I. 106) in this case.

14. Attached as Exhibit 11 is a true and correct copy of excerpts of the transcript of the deposition of Dr. Joseph Rakow, taken September 16, 2019. This exhibit contains Highly Confidential – Outside Attorneys' Eyes Only information and is being filed under seal in accordance with the Protective Order (D.I. 106) in this case.

15. Attached as Exhibit 12 is a true and correct copy of excerpts of the transcript of the deposition of Thomas R. Kurfess, Ph.D., taken September 15, 2019. This exhibit contains Highly Confidential – Outside Attorneys' Eyes Only information and is being filed under seal in accordance with the Protective Order (D.I. 106) in this case.

I declare under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 3rd day of October, 2019.

                                                             /s/ *Scott Pivnick*
                                                             Scott Pivnick