# Exhibit C

```
              IN THE UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION


PIERCE MANUFACTURING, INC.,   )
et al.,                       )
                              )
           Plaintiffs,        )
                              )
                              ) Case No.
      vs.                     ) 8:18-CV-00617-JSM-TGW
                              )
                              )
E-ONE, INC., et al.,          )
                              )
           Defendants.        )
```
_____

CLAIM CONSTRUCTION HEARING
BEFORE THE HONORABLE JAMES S. MOODY, JR.
UNITED STATES SENIOR DISTRICT JUDGE

FEBRUARY 13, 2019
9:27 A.M.
TAMPA, FLORIDA
_____

Proceedings recorded by mechanical stenography,
transcript produced using computer-aided transcription.
_____

**DAVID J. COLLIER, RMR, CRR**
FEDERAL OFFICIAL COURT REPORTER
801 NORTH FLORIDA AVENUE, 7TH FLOOR
TAMPA, FLORIDA  33602

```
 1   APPEARANCES:

 2

 3   FOR THE PLAINTIFFS:

 4           Sara Sanders Whitehead
             Rumberger, Kirk & Caldwell, PA
 5           100 North Tampa Street - Suite 2000
             P.O. Box 3390
 6           Tampa, Florida   33601-3390
             (813) 223-4253
 7
             Scott J. Pivnick
 8           Joshua M. Weeks
             Alston & Bird, LLP
 9           The Atlantic Building
             950 F Street NW
10           Washington, D.C.   20004-1404
             (202) 239-3634
11

12   FOR THE DEFENDANTS:

13           David L. Luikart, III
             Hill Ward Henderson, PA
14           101 East Kennedy Boulevard - Suite 3700
             P.O. Box 2231
15           Tampa, Florida   33602-5195
             (813) 222-8509
16
             James R. Barney
17           Susan Tull
             Justin Loffredo
18           Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
             901 New York Avenue NW, Suite 1100
19           Washington, D.C.   20001
             (202) 408-4000
20

21

22

23

24

25
```

```
 1   extrinsic evidence is not clear.  Several of the photos they
 2   showed showed entire fire trucks in their full
 3   configuration, including the ladders, including the wheels,
 4   including things that we know are not part of either party's
 5   construction of the chassis.  So when a manufacturing
 6   company says "we have multiple chasses available" and they
 7   show you a photo of the whole fire truck and then they list
 8   four different chasses that are available, I don't think
 9   there's any representation that, hey, this whole completed
10   truck is our chassis.  I think it's you can buy our Quint,
11   here is a photo of it, and here are the chassis
12   configurations available.
13           I'll note that with respect to the -- Pierce's
14   second graphic that they put on the slide, that it --
15   I think Counsel represented as the specifications for the
16   chassis, and it identified the axle weight rating, the
17   suspension system used, the tires, the engine.
18           My reading of that is that is listing the
19   components available in that truck, the chassis being one of
20   them, but I think the patent makes clear that that extrinsic
21   evidence doesn't read on the term "chassis" because the
22   patent defines the wheels as a separate component, it
23   defines the axles as a separate component, so I think in
24   those instances the intrinsic record in fact contradicts the
25   extrinsic evidence that counsel is relying on.
```

Case 8:18-cv-00617-TPB-TGW   Document 254-3   Filed 10/30/19   Page 5 of 6 PageID 11679
59

```
 1              THE COURT:  All right.  Brief response.
 2              MR. PIVNICK:  Thank you very much, Your Honor.
 3              I would just clarify that, yes, our construction
 4   includes the frame, and I also would like to point out that
 5   the parties had originally briefed the "coupling" term but
 6   the parties have agreed now that that does not need to be
 7   argued, and the parties agree that "coupling" could be
 8   directly or indirectly coupling, and so the ladder assembly
 9   doesn't have to be directly bolted onto the frame, it can go
10   through intermediate pieces of the fire truck, but the
11   chassis does include the frame, the engine, the front cab,
12   all those things that we talked about, Your Honor.
13              THE COURT:  All right.  Thank you very much.
14              I'll give you a written order shortly.
15              MR. PIVNICK:  Thank you, Your Honor.  Thank you
16   for your time.
17                         - - - - -
18              (Proceedings concluded at 10:47 a.m.)
19                         - - - - -
```

C E R T I F I C A T E

This is to certify that the foregoing transcript of proceedings taken in a claim construction hearing in the United States District Court is a true and accurate transcript of the proceedings taken by me in machine shorthand and transcribed by computer under my supervision, this the 21st day of February, 2019.

/S/ DAVID J. COLLIER

DAVID J. COLLIER

OFFICIAL COURT REPORTER