# Exhibit G

# Exhibit 6

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

## INVALIDITY CLAIM CHART - LENZ AND OTHER PRIOR ART

The combination of U.S. Patent No. 9,677,335 to Lenz, Jr. et al. ("Lenz") and other prior art, including, for example, U.S. Patent Application Publication No. 2009/0174158 to Anderson et al. ("Anderson II"), and U.S. Patent Application Publication No. 2009/0101436 to Burman et al. ("Burman"), renders obvious the Asserted Claims of U.S. Patent No. 9,597,536 ("the '536 patent") and U.S. Patent No. 9,814,915 ("the '915 patent"). To the extent these Amended Invalidity Contentions reflect Plaintiff Pierce Manufacturing, Inc.'s and Oshkosh Corporation's (collectively "Plaintiffs" or "Pierce" or "Oshkosh") interpretation of the asserted claims and/or Plaintiffs' application of that claim interpretation to Accused Products in Plaintiffs' Infringement Contentions, they are not an admission by Defendants that the accused products are covered by or infringe the Asserted Claims. Under the Court's claim construction the claims of the '536 and '915 patents would have been obvious in view of Lenz and other prior art. To the extent that photos, annotations, or excerpts of documents are relied on below to describe Lenz and other prior art, Defendants intend to rely on those prior art references and any related documents in their entirety, rather than only on the photos, annotations, or excerpts identified below.[1]

Discovery is ongoing, and Defendants are continuing to investigate the prior art, including the details and circumstances of the public use, sale, offer for sale, importation, or disclosure of prior art apparatus. Defendants reserve the right to seek leave of Court to amend, modify, or supplement these Amended Invalidity Contentions and any accompanying production should additional information be discovered.

Based on the April 1, 2014 filing date of the priority U.S. Provisional Patent Application No. 61/973,506, Lenz is prior art to the Asserted Patents. E-ONE_00062703-2784; E-ONE_00062807-2841. The other references relied on in combination with Lenz are also prior art to the Asserted Patents

---

[1] Where the cited text of a document references a figure, that figure is incorporated by reference into the chart. Likewise, where the chart identifies a figure from the document, the corresponding text of the document is incorporated by reference into the chart. Documents referenced in the cited text of a prior art document are incorporated by reference in their entirety.

1

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 1 of the '536 patent | Claim 1 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| A quint configuration fire apparatus, comprising: | A quint configuration fire apparatus, comprising: | Lenz discloses a quint configuration fire apparatus. *See generally* Lenz.<br><br>The preamble is not limiting because it does not recite limitations of the claim, nor it is "'necessary to give life, meaning, and vitality' to the claim." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1305 (Fed. Cir. 1999) (quoting *Kropa v. Robie*, 187 F.2d 150, 152 (CCPA 1951)). To the extent the preamble is determined to be limiting, Lenz, alone or in combination with other prior art, provides all the features of a quint, including a fire pump, a water tank, a hose storage area, an aerial ladder, and ground ladders. |
| a chassis; | a chassis; | The fire apparatus of Lenz includes a chassis as this term was construed by the Court and based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions. *See, e.g.*, Lenz at Figs. 1, 3, 4-8, 14, 17, 20; 5:25-60. |
| a body assembly coupled to the chassis and having a storage area configured to receive a ground ladder and a fire hose; | a body assembly coupled to the chassis and having a storage area configured to receive a ground ladder and a fire hose; | The fire apparatus of Lenz includes a body assembly coupled to the chassis and having a storage area configured to receive a ground ladder and a fire hose, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and pursuant to the parties' agreed upon construction of "coupled" and the Court's construction of "chassis." *See, e.g.*, Lenz at Figs. 1, 3, 4-8, 14, 17, 20; 5:15-6:43, 7:25-30. Moreover, a person of ordinary skill in the art at the time of the alleged invention would understand that it is typical to use a fire truck storage area to hold ground ladders and fire hoses. |
| a pump coupled to the chassis; | a pump coupled to the chassis; | The fire apparatus of Lenz includes a pump coupled to the chassis, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and pursuant to the parties' agreed upon construction of "coupled" and the Court's construction of "chassis." *See, e.g.*, Lenz at Figs. 1 and 2; 6:5-17. |
| a water tank coupled to the chassis; | a water tank coupled to the chassis; | The fire apparatus of Lenz includes a water tank coupled to the chassis, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and pursuant to the parties' agreed upon construction of "coupled" and the Court's construction of "chassis." *See, e.g.*, Lenz at Figs. 1 and 2; 6:5-17. |
| a ladder assembly including a | a ladder assembly including a | The fire apparatus of Lenz includes a ladder assembly including a plurality of extensible ladder sections, the ladder assembly having a proximal end that is coupled to |

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 1 of the '536 patent | Claim 1 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| plurality of extensible ladder sections, the ladder assembly having a proximal end that is coupled to the chassis; | plurality of extensible ladder sections, the ladder assembly having a proximal end that is coupled to the chassis; | the chassis, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and pursuant to the parties' agreed upon construction of "coupled" and the Court's construction of "chassis." *See generally* Lenz. |
| a single front axle coupled to a front end of the chassis; and | a single front axle coupled to a front end of the chassis; and | The fire apparatus of Lenz includes a single front axle coupled to a front end of the chassis, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and pursuant to the parties' agreed upon construction of "coupled" and the Court's construction of these terms. *See, e.g.,* Lenz at Figs. 1, 4, 14, 17, 20; 5:27-32, 5:57-65. |
| a single rear axle coupled to a rear end of the chassis, | a single rear axle coupled to a rear end of the chassis, | The fire apparatus of Lenz includes a single rear axle coupled to a rear end of the chassis, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and pursuant to the parties' agreed upon construction of "coupled" and the Court's construction of these terms. *See, e.g.,* Lenz at Figs. 1, 3; 5:27-32, 5:57-65. |
| wherein the single rear axle comprises either: a single solid axle configuration extending laterally across the chassis, or a first axle having a first constant velocity joint and a second axle having a second constant velocity joint, the first axle and the | | The fire apparatus of Lenz includes a single rear axle that comprises either: a single solid axle configuration extending laterally across the chassis, or a first axle having a first constant velocity joint and a second axle having a second constant velocity joint, the first axle and the second axle extending from opposing lateral sides of a differential, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions. *See, e.g.,* Lenz at Figs. 1, 3, 4; 5:57-6:4.

To the extent it is determined that Lenz does not explicitly disclose the construction of the single rear axle, other prior art does and renders this claim element obvious. *See, e.g.,* the IPR petitions filed in IPR2019-000161 and IPR2019-00162 (describing, e.g., Dana drive axles); E-ONE_00006736 - E-ONE_00009106.

Anderson II teaches a suspension system for *inter alia* fire trucks. *See, e.g.,* E-ONE_00000057 (¶ 0013). The suspension system disclosed includes a single rear axle, |

3

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 1 of the '536 patent | Claim 1 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| second axle extending from opposing lateral sides of a differential; | | which may be configured in an independent suspension system or a dependent suspension system. *See, e.g,* E-ONE_00000052, E-ONE_00000054-55 (Figs. 3, 5, 6), E-ONE_00000058 (¶¶ 0028-29).<br><br>"Drivetrain 22 is coupled between power source 20 and wheel assemblies 24 and transfers power (or movement) from power source 20 to wheel assemblies 24 to propel vehicle 10 in a forward or rearward (or other) direction. According to various alternative and exemplary embodiments, the drivetrain may include a transmission, a wheel end reduction unit, and/or a series of motion transferring devices such as drive shafts, joints, differentials, etc. that are coupled together to transfer the torque or power provided by power source 20 to wheel assemblies 24." E-ONE_00000057 (¶ 0017)<br><br>In one embodiment, the suspension system 16 a rear portion 23 "may be of the 'dependent' type (e.g., where rear wheel assemblies 24c and 24d are connected to a single, rigid axle that prevents them from moving independently of each other) and may be adapted to suit one or more rigid axles. For example, the rear portion may include different components that allow the cylinders to be coupled between the axle and the frame of the vehicle." E-ONE_00000058 (¶ 0028). The "front portion 21 of suspension system 16 may be configured differently than rear portion 23 of suspension system 16, or front portion 21 and rear portion 23 may have the same configuration. According to various alternative and exemplary embodiments, the front and rear portions of the suspension system may both be 'dependent,' or the rear portion of the suspension system may be 'independent' while the front portion of the suspension system may be 'dependent.'" E-ONE_00000058 (¶ 0029). "According to other various alternative and exemplary embodiments, the vehicle may have two rear wheel assemblies, four rear wheel assemblies, eight rear wheel assemblies, or any other number of rear wheel assemblies that may or may not be coupled together by one or more single, rigid axles, and a portion of the suspension system may be provided to correspond to each rear wheel assembly, each pair of rear wheel assemblies, or only a portion of the rear wheel assemblies." E-ONE_00000058-59 (¶ 0030); *see also* E-ONE_00000052, E-ONE_00000054-55 (Figs. 3, 5, 6). |

4

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 1 of the '536 patent | Claim 1 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| | | A person of ordinary skill in the art at the time of the alleged invention would have found it obvious to modify the apparatus disclosed by Lenz to include a single rear axle as taught by the prior art, e.g., Anderson II. Moreover, a person of ordinary skill would recognize the design tradeoffs and advantages associated with implementing the rear suspension of a fire truck with either a single axle assembly or a tandem axle assembly. Specifically, it is well recognized that fire trucks having a single rear axle can handle better and are more maneuverable than those employing tandem (dual) rear axle assemblies. Further, by placing the rear weight of the truck on a single axle, the overall cost of manufacture can be reduced because the additional axle and wheel assembly of a tandem axle assembly is eliminated. |
| | | Additionally, a person of ordinary skill in the art would balance the known advantages and benefits of utilizing a single rear axle with other factors, such as regulations concerning state and federal axle load limits imposed, not for vehicle engineering or technical considerations, but for road and bridge maintenance criteria. |
| | | The selection of an appropriate axle assembly to meet the intended design criteria for a given fire truck application is a design choice well within the knowledge of a person or ordinary skill. Indeed, the use of a single rear axle assembly is a well-known vehicle design option that was implemented and would have been readily implemented in a fire truck. |
| | | Furthermore, the combination of Lenz and prior art, e.g., Anderson II, is merely a combination of prior art elements according to known methods to yield predictable results. It is typical for a set of wheels of a fire truck to be associated with axles. This is demonstrated by, e.g., Anderson II, which teaches a suspension system for a fire truck, including a single rigid axle (a solid axle configuration extending laterally across the chassis) at the rear. Thus, a person of ordinary skill would have known to combine these prior art elements (a fire truck having a rear axle and a single solid rear axle) |

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 1 of the '536 patent | Claim 1 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| | | according to known methods (coupling the wheels to the axle and the axle to the chassis) to yield predictable results (providing a mobile fire truck). |
| | | A person of ordinary skill would also have recognized the explicit teachings found in the prior art, e.g., Anderson II. Anderson II expressly teaches using its suspension system (including a single solid axle configuration extending laterally across the chassis) in a fire truck with a ladder, such as that taught by Lenz. |
| | | In addition to the general knowledge of a person of ordinary skill set forth above, along with the express teachings of the references, the combination of prior art elements in Lenz and the prior art, e.g., Anderson II, was driven by evolving design incentives at least as early as 2011. By 2011, designers and manufacturers of aerial ladder fire trucks were looking to use heavy duty single rear axles on fire trucks to replace tandem axles for some applications. The designers and manufacturers were making this change because it would have been expected that a heavy duty single rear axle is cheaper to manufacture and is easier to steer when installed on a truck than would be a tandem axle with a same or similar weight rating. In fact, the Fire Apparatus Manufacturers Association (FAMA) was lobbying state and federal lawmakers to change laws and regulations to increase, among other things, the maximum allowable gross axle weight rating (GAWR) for single rear axles for emergency vehicles. *See* E-ONE_00001295-1308. In line with design incentives, FAMA pressed for regulatory adoption of a 33,500 lbs GAWR for single rear axles. The increased axle limit is the only single rear axle GAWR specification disclosed by the Asserted Patents. *See, e.g.*, '536 patent at 7:62-8:16. FAMA's lobbying efforts, started in 2011, were ultimately successful in the U.S. Congress passing the legislation in 2015. In December 2015, the President signed into law the Fixing America's Surface Transportation Act ("FAST Act") (Pub. L.114-94). Section 1410 of the FAST Act amended 23 U.S.C. § 127, Vehicle weight limitations—Interstate System, by revising the weight limits for certain vehicles on the Interstate System. |

6

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 1 of the '536 patent | Claim 1 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| | | The alleged invention of the Asserted Patents was not a technological advance. Rather, it was an adaptation of existing fire-fighting equipment recognized by the industry to enter a new market made possible by regulatory changes that allowed higher maximum GAWR for single rear axles. |
| | | For at least all the foregoing reasons, the combination of the single rear axle disclosed by Lenz with the prior art, e.g., Anderson II, renders obvious this element of the asserted claims. |
| wherein the ladder assembly is extensible to provide a horizontal reach of at least 90 feet and a vertical height of at least 95 feet, | wherein the ladder assembly is extensible to provide a horizontal reach of at least 90 feet and a vertical height of at least 95 feet, | To the extent it is determined that Lenz does not explicitly disclose that the ladder assembly is extensible to provide a horizontal reach of at least 90 feet and a vertical height of at least 95 feet, this element would have been obvious in view of other prior art, including Burman. |
| | | Burman teaches the desirability of an aerial ladder truck able to support either 500 lbs or 1000 lbs plus 305 lbs of equipment at the distal end (tip) of a 100-foot ladder: |
| | | "Typical arrangements such as mobile ladder arrangement 1 will be constructed to identified specifications. For example, an example fire fighting/fire rescue ladder assembly 1 might be specified as follows:<br><br>1. Total extendible height (ground to handrail) of platform 8, for example 100 feet;<br><br>2. A load rating (at full extension at 0° ; i.e., horizontal extension of the ladder) with 360° movement around the truck: 1,000 lb. live load in the platform 8 (i.e., capable of carrying a weight of persons up to 1,000 lbs.; and, also 305 lbs. fire fighting equipment and rescue equipment also carried on the platform." |
| | | E-ONE_00000130 (¶¶ 0090-0092); *see also* E-ONE_00000127 (Fig. 68). |
| | | "In some instances, there may be a specification for the arrangement when used in pumping water during a fire fighting operation, for example as follows: during full extension of 0° (horizontal) with a 360° motion around the truck, capability of |

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 1 of the '536 patent | Claim 1 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| | | managing the water flow of 1,250 gallons per minute with 500 lbs. live load (person weight on the platform) and 305 lbs. equipment weight also on the platform. For the example depicted in FIG. 68, the mobile ladder arrangement 1 meets these definitions by providing: (a) a ladder arrangement 3 comprising three, extendible, sections 10, 11, 12 mounted at one end on a turn table 15." E-ONE_00000130 (¶¶ 0093-0094); *see also* E-ONE_00000127 (Fig. 68). |
| | | A person of ordinary skill in the art would have modified the fire apparatus disclosed by Lenz, alone or in combination with other prior, e.g., Anderson II, such that the ladder assembly could extend 100 feet vertically, as disclosed by Burman. This modification would have provided access to areas previously inaccessible. |
| | | Additionally, a person of ordinary skill would have made this modification because it is merely a use of a known technique to improve a similar device in the same way. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007). For instance, as discussed above, Burman discloses that it was well-known for an aerial ladder truck to be able to support either 500 lbs or 1000 lbs plus 305 lbs of equipment at the tip (platform 8) of a 100-foot ladder when fully extended horizontally. E-ONE_00000130 (¶¶ 0090-0092). This particular, desirable configuration may be implemented to improve the similar fire truck of Lenz in the same way that the fire truck of Burman benefits. |
| | | Similarly, a person of ordinary skill would have made this modification because it includes applying a known technique (the ladder specification of Burman) to a known device (the prior art device of Lenz, alone or in combination with prior art, e.g., Anderson II) ready for improvement to yield predictable results. *See KSR*. The desirable specification of Burman may be implemented to improve the similar fire truck of Lenz to yield the predictable result of reaching at least 90 feet horizontally and at least 95 feet vertically, or at least 100 feet horizontally and vertically. |
| | | Thus, the combination of Lenz with other prior art, including Burman, renders obvious this claim element. |

8

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 1 of the '536 patent | Claim 1 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| wherein the ladder assembly is configured to support a tip load of at least 750 pounds, | wherein the ladder assembly is configured to support a tip load of at least 750 pounds, and | The ladder assembly of Lenz is configured to support a tip load of at least 750 pounds, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and pursuant to the Court's construction of "tip load." *See, e.g.,* Lenz at 18:45-53; *see also, e.g.,* Lenz at Abstract; 2:11-3:62; 13:47-53; 16:3-55; 17:36-52; 18:3-44, 66-19:31. |
| wherein the water tank is configured to contain at least 500 gallons of water, and | | To the extent it is determined that Lenz, alone or in combination with other prior art, does not explicitly disclose this element, it would have been obvious to a person of ordinary skill in the art at the time of the alleged invention to modify the water tank so it is configured to contain at least 500 gallons of water as disclosed by various other prior art. This modification would have been obvious at least because increasing the water capacity would increase the amount of water available on a single apparatus to fight fires, and to meet and surpass the minimum requirements for quints as provided in Chapter 9 of the NFPA 1901 Standard for Automotive Fire Apparatus. *See, e.g.,* E-ONE_00000464-465, E-ONE_00000668-670, E-ONE_00062697-2702; *see also, e.g.,* U.S. Patent No. 7,530,403 to Cano ("Cano") at 2:17-23, 2:62-4:3, 9:6-10, Fig. 1 (disclosing a 500 gallon water tank); U.S. Patent No. 9,295,861 to Trapp et al. ("Trapp") at 6:4-8 (fluid tank 11 has a capacity of "as much as 500 gallons or more than 1000 gallons"); Fire Engineering, "The 75-Foot Quint: Know What It Can Do," Feb. 1, 2009 (disclosing at least 500 gallon water tanks) (E-ONE_00001337-1344). |
| | | It would have also been obvious to a person of ordinary skill in the art at the time of the alleged invention to provide a water tank configured to contain at least 500 gallons of water as disclosed by various other prior art at least because Dana, Inc. was offering heavier rear axles with a rating of 35,000-pounds. A person of ordinary skill in the art at the time of the alleged invention would know that "the heavier [Dana 35,000-pound rear] axle enables [fire] departments to carry heavy duty rescue equipment and/or a larger water capacity tank." FIREHOUSE, "Rosenbauer Adds 35,000-Pound Rear Axle as Chassis Option," May 5, 2015 (E-ONE_00062608). |
| wherein the center of gravity of at least | wherein the center of gravity of at least | In the fire apparatus of Lenz, the center of gravity of at least one of the chassis, the body assembly, the pump, and the water tank are positioned to counterbalance a |

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 1 of the '536 patent | Claim 1 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| one of the chassis, the body assembly, the pump, and the water tank are positioned to counterbalance a moment generated by the tip load with the ladder assembly extended to the horizontal reach of at least 90 feet. | one of the chassis, the body assembly, the pump, and the water tank are positioned to counterbalance a moment generated by the tip load with the ladder assembly extended to the horizontal reach of at least 90 feet. | moment generated by the tip load with the ladder assembly extended horizontally, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and pursuant to the Court's construction of this limitation.  *See, e.g.*, Lenz at 18:45-53; *see also, e.g.*, Lenz at Figs. 5-8; Abstract; 2:11-3:62; 6:51-54; 13:47-53; 16:3-55; 17:36-52; 18:3-44, 66-19:31. <br><br> To the extent it is determined that Lenz does not explicitly disclose that the center of gravity of at least one of the chassis, the body assembly, the pump, and the water tank are positioned to counterbalance a moment generated by the tip load with the ladder assembly extended to the horizontal reach of at least 90 feet, this element would have been obvious based on the knowledge of a person of ordinary skill in the art and/or in view of other prior art, including Burman.  *See, e.g.*, IPR petitions in IPR2019-00161 and IPR2019-00162, E-ONE_00006736 - E-ONE_00009106, and the above discussion regarding the obvious combination based on the disclosure of Burman. |

| Claim 2 of the '536 patent | Claim 2 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 1, further comprising a pedestal coupling the ladder assembly to the chassis and defining an axis about which the ladder assembly is configured to rotate. | The fire apparatus of claim 1, further comprising a pedestal coupling the ladder assembly to the chassis and defining an axis about which the ladder assembly is configured to rotate. | The fire apparatus disclosed by Lenz includes a pedestal coupling the ladder assembly to the chassis and defining an axis about which the ladder assembly is configured to rotate, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and pursuant to the parties' agreed upon construction of "coupled" and the Court's construction of "chassis."  *See, e.g.*, Lenz at Figs. 1-3, 7, 8; 5:25-26; 6:44-7:3. |

10

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 3 of the '536 patent | Claim 3 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 2, further comprising a turntable rotatably coupling the proximal end of the ladder assembly to the pedestal such that the ladder assembly is selectively repositionable into a plurality of operating orientations, wherein the horizontal reach is defined between the axis about which the ladder assembly is configured to rotate and a distal end of the ladder assembly, and wherein the vertical height is defined between a distal rung of the ladder assembly and a ground surface. | The fire apparatus of claim 2, further comprising a turntable rotatably coupling the proximal end of the ladder assembly to the pedestal such that the ladder assembly is selectively repositionable into a plurality of operating orientations, wherein the horizontal reach is defined between the axis about which the ladder assembly is configured to rotate and a distal end of the ladder assembly, and wherein the vertical height is defined between a distal rung of the ladder assembly and a ground surface. | The fire apparatus disclosed by Lenz includes a turntable rotatably coupling the proximal end of the ladder assembly to the pedestal such that the ladder assembly is selectively repositionable into a plurality of operating orientations, wherein the horizontal reach is defined between the axis about which the ladder assembly is configured to rotate and a distal end of the ladder assembly, and wherein the vertical height is defined between a distal rung of the ladder assembly and a ground surface, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and the parties' agreed upon construction of "coupling." *See, e.g.,* Lenz at Figs. 1-3, 7, 8; 5:25-26; 6:44-7:3; 7:43-48; 8:17-28; 17:36-52; Claims 1 and 6. |

11

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 4 of the '536 patent | Claim 4 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 3, further comprising a cab assembly coupled to the front end of the chassis, wherein the plurality of operating orientations includes a forward position in which the ladder assembly extends over the cab assembly, a rearward position in which the ladder assembly extends away from the cab assembly, and a sideward position in which the ladder assembly extends from a lateral side of the chassis. | The fire apparatus of claim 3, further comprising a cab assembly coupled to the front end of the chassis, wherein the plurality of operating orientations includes a forward position in which the ladder assembly extends over the cab assembly, a rearward position in which the ladder assembly extends away from the cab assembly, and a sideward position in which the ladder assembly extends from a lateral side of the chassis. | The fire apparatus disclosed by Lenz includes a cab assembly coupled to the front end of the chassis, wherein the plurality of operating orientations includes a forward position in which the ladder assembly extends over the cab assembly, a rearward position in which the ladder assembly extends away from the cab assembly, and a sideward position in which the ladder assembly extends from a lateral side of the chassis, based on Plaintiffs' interpretation of this element as shown in Plaintiffs' Infringement Contentions and pursuant to the parties' agreed upon construction of "coupled" and the Court's construction of "chassis." . *See, e.g.*, Lenz at Figs. 1-3, 7, 8; 5:25-26; 6:44-7:3; 7:43-48; 8:17-28; 17:36-52; Claims 1 and 6. |

| Claim 5 of the '536 patent | Claim 5 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 4, wherein the plurality of extensible ladder | The fire apparatus of claim 4, wherein the plurality of extensible ladder | Lenz discloses a ladder assembly that has a plurality of extensible ladder sections. *See, e.g.*, Lenz at Figs. 1-3, 5-11, 14, 15, 17, 18, 20, 21; 7:49-55. |

12

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 5 of the '536 patent | Claim 5 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| sections includes a first ladder section, a second ladder section, a third ladder section, and a fourth ladder section, wherein the distal end of the ladder assembly is extensible to the horizontal reach of at least 90 feet when the ladder assembly is oriented in the sideward position. | sections includes a first ladder section, a second ladder section, a third ladder section, and a fourth ladder section, wherein the distal end of the ladder assembly is extensible to the horizontal reach of at least 90 feet when the ladder assembly is oriented in the sideward position. | To the extent it is determined that Lenz does not explicitly disclose that the plurality of extensible ladder sections includes a first ladder section, a second ladder section, a third ladder section, and a fourth ladder section, wherein the distal end of the ladder assembly is extensible to the horizontal reach of at least 90 feet when the ladder assembly is oriented in the sideward position, this element would have been obvious based on the knowledge of a person of ordinary skill in the art and/or in view of other prior art.  Indeed, Lenz discloses that "although three ladder sections are illustrated, any number of ladder sections can be utilized."  Lenz at 7:53–55; *see also* U.S. Patent No. 6,811,161 to Anderson ("Anderson I") at Fig. 9 (showing a fire apparatus with a four-section aerial ladder extended in a sideward position)

A person of ordinary skill in the art at the time of the alleged invention would have found it obvious to modify the fire apparatus disclosed by Lenz such that the ladder assembly includes four ladder sections as disclosed by the prior art, e.g., Anderson I, wherein the distal end of the ladder assembly is extensible to the horizontal reach of at least 90 feet when the ladder assembly is oriented in the sideward position.  Consistent with the disclosure of Lenz, which suggests more than three ladder sections, this modification so would result in a less restricted fire apparatus that is useful in a greater number of emergency situations.  That is, this modification would have provided access to areas previously inaccessible if the ladder assembly of Lenz was limited in terms of the number of its sections and overall length in the sideward position.

Additionally, a person of ordinary skill would have made this modification because it is merely a use of a known technique to improve a similar device in the same way.  *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007).  For instance, as discussed above, the prior art, e.g., Anderson I, discloses a ladder assembly with extendible sections that extend in excess of 100 feet.  This particular, desirable configuration may be implemented to improve the similar fire truck of Lenz in the same way that the fire trucks of the prior art, e.g., Anderson I, benefit. |

13

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 5 of the '536 patent | Claim 5 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| | | Similarly, a person of ordinary skill would have made this modification because it includes applying a known technique (the extendible ladder sections of the prior art, e.g., Anderson I) to a known device (the prior art device of Lenz, alone or in combination with the knowledge of a person of ordinary skill in the art and/or other prior art) ready for improvement to yield predictable results. *See KSR.* The desirable specification of the prior art, e.g., Anderson I, may be implemented to improve the similar fire apparatus of Lenz to yield the predictable result of providing a ladder assembly with additional extendible sections to provide a greater range of applications for the fire apparatus. |

| Claim 6 of the '536 patent | Claim 6 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 1, further comprising a pair of outriggers coupled to the chassis and moveable between a fully extended position and a retracted position, wherein the pair of outriggers protrude from opposing lateral sides of the chassis when in the fully extended position. | The fire apparatus of claim 1, further comprising a pair of outriggers coupled to the chassis and moveable between a fully extended position and a retracted position, wherein the pair of outriggers protrude from opposing lateral sides of the chassis when in the fully extended position. | The fire apparatus disclosed by Lenz includes a pair of outriggers coupled to the chassis and moveable between a fully extended position and a retracted position, wherein the pair of outriggers protrude from opposing lateral sides of the chassis when in the fully extended position and pursuant to the parties' agreed upon construction of "coupled" and the Court's construction of "chassis." *See, e.g.,* Lenz at Figs. 1, 3, 5; 9:8-14. |

14

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 7 of the '536 patent | Claim 7 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 6, wherein a pair of contact pads associated with the pair of outriggers are spaced a distance of no more than 18 feet when the pair of outriggers are in the fully extended position. | The fire apparatus of claim 6, wherein a pair of contact pads associated with the pair of outriggers are spaced a distance of no more than 18 feet when the pair of outriggers are in the fully extended position. | The fire apparatus disclosed by Lenz includes a pair of contact pads associated with the pair of outriggers that are spaced a distance when the pair of outriggers are in the fully extended position. *See, e.g.*, Lenz at Figs. 1, 3, 5; 9:8-14.<br><br>To the extent it is determined that it is not explicitly evident that the pair of contact pads associated with the pair of outriggers are spaced a distance of no more than 18 feet when the pair of outriggers are in the fully extended position, it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrange the fire apparatus disclosed by Lenz as modified by other prior art to include this feature. *See, e.g.*, Mt. Washington, KY Seagrave Quint; Fire Apparatus, E-ONE_00061809; E-ONE_00061889; E-ONE_00061802; E-ONE_00061870; E-ONE_00061804; E-ONE_00062188; E-ONE_00600062194; "Aerial Designers Manipulate Many Elements For Tight Spaces," Sept. 1, 2010 (disclosing outriggers with a maximum width of 18 feet in some instances, and 11.5 feet in others) (https://www.fireapparatusmagazine.com/articles/print/volume-15/issue-9/features/aerial-designers-manipulate-many-elements-for-tight-spaces.html). Doing so would have enabled the fire apparatus of Lenz as modified by other prior art to be operable in narrow spaces where a wider outrigger base or spread would not be possible, while providing sufficient support to prevent tipping when the ladder assembly is extended and maneuvered about the apparatus.<br><br>Additionally, a person of ordinary skill would have made this modification because it is merely a use of a known technique to improve a similar device in the same way. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007). For instance, as discussed above, Lenz discloses a pair of spaced contact pads associated with the pair of outriggers when the pair of outriggers are in the fully extended position. This particular, desirable configuration may be implemented to improve the fire apparatus of Lenz in the same way a person of ordinary skill in the art would understand that another fire apparatus would benefit. |

15

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 7 of the '536 patent | Claim 7 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| | | Similarly, a person of ordinary skill would have made this modification because it includes applying a known technique (spacing outriggers a particular distance) to a known device (the prior art device of Lenz, alone or in combination with other prior art) ready for improvement to yield predictable results. *See KSR*. The claimed outrigger spacing, which is disclosed by and obvious in view of the prior art and knowledge of a person of ordinary skill at the time of the alleged invention, may be implemented to improve the fire apparatus of Lenz to yield the predictable result of providing a fire apparatus operable in a wider variety of situations, including in narrow spaces where a wider outrigger base or spread would not be possible. |

16

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 11 of the '536 patent | Claim 11 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| A fire apparatus, comprising | A fire apparatus, comprising | *See* Claim 1 chart above. |
| a chassis; | a chassis; | *See* Claim 1 chart above. |
| a body assembly coupled to the chassis and configured to receive a ground ladder, a fire hose, a pump, and a water tank; | a body assembly coupled to the chassis and configured to receive a ground ladder, a fire hose, a pump, and a water tank; | *See* Claim 1 chart above.   The body assembly of the fire apparatus disclosed by Lenz is configured to receive a ground ladder, a fire hose, a pump, and a water tank. |
| a ladder assembly including a plurality of extensible ladder sections, the ladder assembly having a proximal end that is coupled to the chassis; | a ladder assembly including a plurality of extensible ladder sections, the ladder assembly having a proximal end that is coupled to the chassis; | *See* Claim 1 chart above. |
| a single front axle coupled to a front end of the chassis; and | a single front axle coupled to a front end of the chassis; and | *See* Claim 1 chart above. |
| a single rear axle coupled to a rear end of the chassis, | a single rear axle coupled to a rear end of the chassis, | *See* Claim 1 chart above. |
| wherein the single rear axle comprises either: | wherein the single rear axle comprises either: | *See* Claim 1 chart above. |

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 11 of the '536 patent | Claim 11 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| a single solid axle configuration extending laterally across the chassis, or a first axle having a first constant velocity joint and a second axle having a second constant velocity joint, the first axle and the second axle extending from opposing lateral sides of a differential; | a single solid axle configuration extending laterally across the chassis, or a first axle having a first constant velocity joint and a second axle having a second constant velocity joint, the first axle and the second axle extending from opposing lateral sides of a differential; | |
| wherein the ladder assembly is extensible to provide a horizontal reach of at least 90 feet, | wherein the ladder assembly is extensible to provide a horizontal reach of at least 90 feet, | *See* Claim 1 chart above. |
| wherein the ladder assembly is configured to support a tip load of at least 750 pounds, | wherein the ladder assembly is configured to support a tip load of at least 750 pounds, and | *See* Claim 1 chart above. |
| wherein the water tank is configured | | *See* Claim 1 chart above. |

18

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 11 of the '536 patent | Claim 11 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| to contain at least 500 gallons of water, and | | |
| wherein the center of gravity of at least one of the chassis, the body assembly, the pump, and the water tank are positioned to counterbalance a moment generated by the tip load with the ladder assembly extended to the horizontal reach of at least 90 feet. | wherein the center of gravity of at least one of the chassis, the body assembly, the pump, and the water tank are positioned to counterbalance a moment generated by the tip load with the ladder assembly extended to the horizontal reach of at least 90 feet. | *See* Claim 1 chart above. |

19

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 12 of the '536 patent | Claim 12 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 11, further comprising a pedestal coupling the ladder assembly to the chassis and defining an axis about which the ladder assembly is configured to rotate. | The fire apparatus of claim 11, further comprising a pedestal coupling the ladder assembly to the chassis and defining an axis about which the ladder assembly is configured to rotate. | *See* Claim 2 chart above. |

| Claim 13 of the '536 patent | Claim 13 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 12, further comprising a turntable rotatably coupling the proximal end of the ladder assembly to the pedestal such that the ladder assembly is selectively repositionable into a plurality of operating orientations, wherein the horizontal reach is | The fire apparatus of claim 12, further comprising a turntable rotatably coupling the proximal end of the ladder assembly to the pedestal such that the ladder assembly is selectively repositionable into a plurality of operating orientations, wherein the horizontal reach is | *See* Claim 3 chart above. |

20

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 13 of the '536 patent | Claim 13 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| defined between the axis about which the ladder assembly is configured to rotate and a distal end of the ladder assembly. | defined between the axis about which the ladder assembly is configured to rotate and a distal end of the ladder assembly. | |

| Claim 14 of the '536 patent | Claim 14 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 13, further comprising a cab assembly coupled to the front end of the chassis, wherein the plurality of operating orientations includes a forward position in which the ladder assembly extends away from the cab assembly, and a sideward position in which the ladder | The fire apparatus of claim 13, further comprising a cab assembly coupled to the front end of the chassis, wherein the plurality of operating orientations includes a forward position in which the ladder assembly extends away from the cab assembly, and a sideward position in which the ladder | *See* Claim 4 chart above. |

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 14 of the '536 patent | Claim 14 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| assembly extends from a lateral side of the chassis. | assembly extends from a lateral side of the chassis. | |

| Claim 15 of the '536 patent | Claim 15 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 14, wherein the plurality of extensible ladder sections includes a first ladder section, a second ladder section, a third ladder section, and a fourth ladder section, wherein the distal end of the ladder assembly is extensible to the horizontal reach of at least 90 feet when the ladder assembly is oriented in the sideward position. | The fire apparatus of claim 14, wherein the plurality of extensible ladder sections includes a first ladder section, a second ladder section, a third ladder section, and a fourth ladder section, wherein the distal end of the ladder assembly is extensible to the horizontal reach of at least 90 feet when the ladder assembly is oriented in the sideward position. | *See* Claim 5 chart above. |

22

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.,* Case No. 8:18-cv-00617-JSM-TGW

| Claim 16 of the '536 patent | Claim 16 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 11, further comprising a pair of outriggers coupled to the chassis and moveable between a fully extended position and a retracted position, wherein the pair of outriggers protrude from opposing lateral sides of the chassis when in the fully extended position. | The fire apparatus of claim 11, further comprising a pair of outriggers coupled to the chassis and moveable between a fully extended position and a retracted position, wherein the pair of outriggers protrude from opposing lateral sides of the chassis when in the fully extended position. | *See* Claim 6 chart above. |

| Claim 17 of the '536 patent | Claim 17 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| The fire apparatus of claim 16, wherein a pair of contact pads associated with the pair of outriggers are spaced a distance of no more than 18 feet when the pair of outriggers are in the | The fire apparatus of claim 16, wherein a pair of contact pads associated with the pair of outriggers are spaced a distance of no more than 18 feet when the pair of outriggers are in the | *See* Claim 7 chart above. |

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al.*, Case No. 8:18-cv-00617-JSM-TGW

| Claim 17 of the '536 patent | Claim 17 of the '915 patent | Lenz and Other Prior Art |
|---|---|---|
| fully extended position. | fully extended position. | |

| Claim 20 of the '536 patent | Lenz and Other Prior Art |
|---|---|
| A quint configuration fire apparatus, comprising: | *See* Claim 1 chart above. |
| a chassis; | *See* Claim 1 chart above. |
| a body assembly coupled to the chassis and having a storage area configured to receive a ground ladder and a fire hose; | *See* Claim 1 chart above. |
| a pump coupled to the chassis; | *See* Claim 1 chart above. |
| a water tank coupled to the chassis; | *See* Claim 1 chart above. |
| a ladder assembly including a plurality of extensible ladder sections, the ladder assembly having a proximal end that is coupled to the chassis; | *See* Claim 1 chart above. |
| a single front axle coupled to a front end of the chassis; and | *See* Claim 1 chart above. |
| a single rear axle coupled to a rear end of the chassis, | *See* Claim 1 chart above. |
| wherein the single rear axle comprises either: a single solid axle configuration extending laterally across the chassis, or a first axle having a first constant velocity joint and a second axle having a second constant velocity joint, the first axle and the second axle extending from opposing lateral sides of a differential; | *See* Claim 1 chart above. |
| wherein the ladder assembly is extensible to provide a horizontal reach of at least 90 | *See* Claim 1 chart above. |

24

*Pierce Mfg., Inc. et al. v. E-One, Inc., et al., Case No. 8:18-cv-00617-JSM-TGW*

| Claim 20 of the '536 patent | Lenz and Other Prior Art |
|---|---|
| feet and a vertical height of at least 95 feet, | |
| wherein the ladder assembly is configured to support a tip load of at least 750 pounds, and | *See* Claim 1 chart above. |
| wherein the center of gravity of at least one of the chassis, the body assembly, the pump, and the water tank are positioned to counterbalance a moment generated by the tip load with the ladder assembly extended to the horizontal reach of at least 90 feet. | *See* Claim 1 chart above. |

25