# Exhibit N

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PIERCE MANUFACTURING INC. and
OSHKOSH CORPORATION,

    Plaintiff,

v.                                                   Case No.:  8:18-cv-617-JSM-TGW

E-ONE, INC. and REV GROUP, INC.,

    Defendants.

### PLAINTIFF PIERCE MANUFACTURING INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT E-ONE, INC.'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Pierce Manufacturing Inc. ("Plaintiff" or "Pierce") hereby objects and responds to Defendant E-One, Inc.'s ("Defendant" or "E-One") Second Set of Interrogatories to Plaintiff Pierce Manufacturing Inc. (the "Interrogatories") as follows.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Pierce incorporates its objects to the definition and instructions set forth in Plaintiff Pierce Manufacturing Inc.'s Objections and Responses to Defendant E-One, Inc.'s First Set of Interrogatories, served on July 30, 3018, as if fully set forth herein.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 15.**

For each of the Asserted Patents, describe what You contend to be the level of ordinary skill in the relevant art that is applicable to each Asserted Patent, including but not limited to the level of knowledge, schooling, experience, expertise, and relevant technical information of a person having ordinary skill in the art at the time of the alleged invention recited in the Asserted Claims.

**RESPONSE TO INTERROGATORY NO. 15**

Pierce objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable doctrine of privilege or immunity. As worded, the interrogatory calls for information contained in documents authored by counsel, seeking the advice of counsel, or otherwise containing privileged information, relating to the development of each Covered Product. Pierce objects to this interrogatory as vague and ambiguous insofar as it is unclear what "relevant technical information" is referring to and the term is not defined. Pierce further objects to this interrogatory as seeking expert testimony. Pierce further objects to this interrogatory as premature in that Pierce asked a similar interrogatory of Defendants on June 20, 2018 and Defendants have inexplicably yet to provide a substantive response. Pierce will therefore substantively respond to this interrogatory after Defendants have provided a substantive response.

**INTERROGATORY NO. 16.**

For each sale of a Covered Product, identify all apparatus purchased by that customer (e.g., the city, municipality, department, etc.) from You (i) for the three years prior to the sale of the Covered Product, and (ii) since the sale of the Covered Product.

**RESPONSE TO INTERROGATORY NO. 16**

Pierce objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable doctrine of privilege or immunity. As worded, the interrogatory calls for information contained in documents authored by counsel, seeking the advice of counsel, or otherwise containing privileged information, relating to the development of each Covered Product. Pierce objects to this interrogatory as overly broad and unduly burdensome, not relevant to any claim or defense in this action, and not proportional to the needs of this action. As worded, the interrogatory seeks information about sales of other apparatus purchased by customers who also purchased an Ascendant, regardless of whether or not that customer was previously a Pierce customer or not. Only sales of other apparatus to customers who were not previously Pierce customers are relevant.

As to that portion of Interrogatory No. 16 for which no objection has been made, Pierce states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Pierce will produce responsive, non-privileged documents in its possession, custody, or control, to the extent such documents exist and are located after a reasonable search, from which information responsive to this interrogatory may be ascertained. Following the production of such documents, Pierce will amend this interrogatory response to identify the Bates ranges of such documents.

3

Pierce's investigation is ongoing, and it reserves the right to supplement its response to this interrogatory upon discovery of additional information or documents.

**INTERROGATORY NO. 17.**

To the extent You contend that each Asserted Claim is valid over the invalidity grounds and prior art identified and charted in Defendants' Initial Invalidity Contentions served on August 6, 2018 and Exhibits 1-5 thereto, state in detail the complete legal and factual bases for Your allegations of validity, including, but not limited to, a chart that is responsive to each chart provided in those Exhibits 1-5 and that identifies each element of each Asserted Claim that You contend is missing from the identified prior art.

**RESPONSE TO INTERROGATORY NO. 17**

Pierce objects to this interrogatory as overly broad and unduly burdensome, not relevant to any claim or defense in this action, and not proportional to the needs of this action. Pierce further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable doctrine of privilege or immunity. As worded, the interrogatory calls for information contained in documents authored by counsel, seeking the advice of counsel, or otherwise containing privileged information, relating to plaintiffs' validity positions. Pierce further objects to this interrogatory as seeking expert testimony, particularly in its request to "state in detail the complete legal and factual bases for Your allegations of validity, including, but not limited to, a chart that is responsive to each chart provided in those Exhibits 1-5 and that identifies each element of each Asserted Claim that You contend is missing from the identified prior art." Pierce will only identify at this time which elements of each Asserted Claim that You contend

4

is missing from the charts attached as Exhibits 1-5 to Defendants' invalidity contentions. The remaining information, if any, will be provided as part of expert discovery. Pierce also objects to this interrogatory as premature in that no discovery has been had as to the prior art identified by Defendants. Pierce will provide its preliminary response based upon information learned to date but reserves the right to amend this response as discovery proceeds. Pierce also objects to this interrogatory as overly broad and unduly burdensome, not relevant to any claim or defense in this action, and not proportional to the needs of this action to the extent it asks Pierce to "state in detail the complete legal and factual bases for Your allegations of validity, including, but not limited to, a chart that is responsive to each chart provided in those Exhibits 1-5 and that identifies each element of each Asserted Claim that You contend is missing from the identified prior art."

As to that portion of Interrogatory No. 17 for which no objection has been made, Pierce states as follows.

As more fully described below, none of the prior art references disclosed by Defendants, alone or in combination, invalidate any of the asserted claims. In addition, when Defendants have attempted to combine one or more references or argue that changing what was disclosed would have been obvious, Defendants fail to provide meaningful reasons to combine the references and ignore the inherent difficulty with simply adding or subtracting various elements without analyzing what effect changing the configuration of the fire apparatus would have on the weight of the truck and whether or not the additional weight could be supported on a single rear axle or if the components could be configured in such a way as to counterbalance a moment generated by a tip load when the ladder is in a horizontal orientation,

5

among many other issues. Defendants also ignore the secondary indicia of non-obviousness disclosed by plaintiffs which establishes that the claimed inventions were not obvious. Defendants also fail to establish that the alleged prior art fire apparatus qualify as prior art.

Plaintiff identifies the following missing elements from each of the Exhibits attached to Defendants invalidity contentions. As discovery has just begun and there has been no discovery on defendants' contentions or the alleged pieces of prior art, Plaintiffs reserve the right to assert additional missing limitations and arguments as to why defendants cannot meet their burden to establish that any of the asserted claims are invalid.

**Exhibit 1** - 1996 Seagrave and prior art combinations therein – Defendants have failed to establish that the 1996 Seagrave and the other prior art references included in Exhibit 1 disclose at least the following elements from each of the Asserted Patents:

**536 patent:**

**Claim 1**

- A quint configuration fire apparatus
- A storage area configured to receive a ground ladder and a fire hose
- A pump coupled to the chassis
- A water tank coupled to the chassis
- Wherein the water tank is configured to contain at least 500 gallons
- A ladder assembly with the proximal end coupled to the chassis
- A single rear axle that comprises either: a single solid axle configuration extending laterally across the chassis or a first axle having a first constant

DATED: October 22, 2018					*s/ Scott J. Pivnick*
							DAVID C. WILLIS, ESQUIRE
							Florida Bar No. 0477435
							E-mail:  dwillis@rumberger.com
							RUMBERGER, KIRK & CALDWELL, P.A.
							Lincoln Plaza, Suite 1400
							300 South Orange Avenue
							Post Office Box 1873
							Orlando, Florida  32802-1873
							Telephone:  (407) 872-7300
							Telecopier:  (407) 841-2133

							- and -

							SARA WHITEHEAD, ESQUIRE
							Florida Bar No. 0099218
							E-mail:  swhitehead@rumberger.com
							RUMBERGER, KIRK & CALDWELL, P.A.
							100 North Tampa Street, Suite 2000
							Tampa, FL  33602-5830
							Phone: 813-472-7511
							Fax:     813-221-4752

							- and -

							JOSHUA M. WEEKS, ESQUIRE
							*Admitted Pro Hac Vice*
							Georgia Bar No. 545063
							E-mail:  Joshua.Weeks@alston.com
							ALSTON & BIRD LLP
							One Atlantic Center
							1201 West Peachtree Street, Suite 4200
							Atlanta, GA  30309-3424
							Phone: 404-881-7000
							Fax:     404-881-7777