UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PIERCE MANUFACTURING, INC.,
and OSHKOSH CORPORATION,

    Plaintiffs,

v.                            CASE NO. 8:18-cv-617-T-30TGW

E-ONE, INC., and REV GROUP, INC.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

In this patent case, the defendants seek to dissolve the preliminary injunction that I recommended (Doc. S-44) and that was adopted by the district judge on November 5, 2018 (Doc. 108). For the following reasons, I recommend that the Defendants' Motion to Dissolve the November 5, 2018 Preliminary Injunction and Memorandum in Support (Doc. 167) be denied.

I.

On June 3, 2019, the defendants moved to dissolve the temporary injunction of November 5, 2018 (Doc. 167). United States District Judge James S. Moody, Jr., referred the motion to me. On July 10, 2019, the plaintiffs responded in opposition to the defendants' motion to

dissolve the temporary injunction (Doc. 186). I subsequently held a hearing on October 18, 2019, on the defendants' motion.

Previously, the defendants had repeatedly opposed the preliminary injunction. Thus, they opposed the plaintiffs' initial application for preliminary injunction (see Docs. 24 and 36), but I issued a Report and Recommendation in which I recommended issuing the injunction.

Then, the defendants filed objections to my Report and Recommendation (see Doc. 64). In their response to these objections, plaintiffs' counsel represented that the defendants added new arguments and evidence that were developed after my Report and Recommendation was issued (see Doc. 74, p. 1). However, Judge Moody adopted my Report and Recommendation and entered a preliminary injunction (see Doc. 108).

Next, the defendants sought review from the Federal Circuit Court of Appeals, but the Federal Circuit affirmed Judge Moody's issuance of the injunction (see Pierce Manufacturing, Inc. v. E-One, Inc., No. 2019-1276, 2019 WL 2225211 (Fed. Cir. May 23, 2019).

Now, the defendants make their fourth attempt to oppose the preliminary injunction. Here, the defendants' new argument is that they found a firetruck constituting prior art and are challenging the likelihood of success on the merits.

2

II.

The preliminary injunction issued on November 5, 2018 was based on two of the plaintiffs' patents: United States Patent No. 9,597,536 (the "'536 Patent") and United States Patent Number 9,814,915 (the "'915 Patent"). The defendants' motion concerns only claim 20 of the '536 Patent (Doc. 167, p. 1). Claim 20 states that the Pierce quint firetruck includes a ladder assembly "extensible to provide a horizontal reach of at least 90 feet" and "configured to support a tip load of at least 750 pounds" (Doc. 167-3, p. 25).

In their motion to dissolve the injunction, the defendants assert that they have discovered new evidence of a firetruck constituting prior art (Doc. 167, p. 1). The defendants allege that this firetruck anticipates claim 20 of the '536 Patent—specifically the 750-pound tip load requirement while the ladder is extended horizontally 90 feet. The plaintiffs state that they discovered this firetruck "on or about April 8, 2019, after extensive searching and telephone calls to fire departments nationwide and in Canada" (id. at 4).

The newly discovered firetruck in question is a 2008 single-axle quint manufactured by Rosenbauer America and located at the Hinsdale Fire Department in Hinsdale, Illinois (the "Hinsdale Rosenbauer Quint") (id. at 1). The defendants' assert that the Hinsdale Rosenbauer Quint has every

3

feature of claim 20 of the '536 Patent, making the firetruck prior art.

The defendants and their experts inspected the Hinsdale Rosenbauer Quint on April 30, 2019 (id. at 1). During this inspection, they "suspended a 750-pound weight from the end of the aerial ladder while it was extended to a horizontal reach of more than 90 feet" (id.). The defendants state that "[t]he truck did not tip over, and the ladder did not break" (id.).

The plaintiffs respond that the defendants informed them about the Hinsdale Rosenbauer Quint and told them it "would be available for inspection for only the next seven days in Wyoming, Minnesota" (Doc. 186, p. 4). The plaintiffs and their experts inspected the same truck and obtained the same result (Doc. 167, p.1). The plaintiffs assert, hyperbolically, that the test involved "cheating" since the 750-pound load was simply hung carefully at the end of the extended ladder and not observed in realistic action.

III.

A preliminary injunction may be granted only if the plaintiff shows (1) a substantial likelihood that it will prevail on the merits; (2) a substantial threat that it will suffer irreparable injury if the injunction is not granted; (3) that its threatened injury outweighs the threatened harm the injunction may cause the opposing party; and (4) that granting the injunction

will not disserve the public interest. <u>Canal Authority of State of Fla.</u> v. <u>Callaway</u>, 489 F.2d 567, 572 (5th Cir. 1974). "[A] preliminary injunction enjoining patent infringement pursuant to 35 U.S.C. § 283 'involves substantive matters unique to patent law and, therefore, is governed by the law'" of the Federal Circuit. <u>Revision Military, Inc.</u> v. <u>Balboa Manufacturing Co.</u>, 700 F.3d 524, 525 (Fed. Cir. 2012) (internal quotation and citation omitted).

It is within the sound discretion of the court to modify or vacate a preliminary injunction, and this decision will not be overturned absent an abuse of discretion. See <u>System Federation No. 91, Railway Emp. Dept., AFL-CIO</u> v. <u>Wright</u>, 364 U.S. 642, 648 (1961). The sound discretion of the court is "to be exercised in accordance with equitable principles." CORPUS JURIS SECUNDUM 47, Vol. 43A (Thomas Reuters 2014). The party that is requesting modification or dissolution of an injunction has a heavy burden of establishing the right to relief. See <u>Ridley</u> v. <u>Phillips Petroleum Co.</u>, 427 F.2d 19, 22 (10th Cir. 1970).

The plaintiffs argue, with some persuasiveness, that the defendants have had ample opportunities to challenge the preliminary injunction and the court should not expend any more of its time on this issue. That argument has force, especially since the defendants have gone to the

5

Federal Circuit on the issue and lost.

Because the parties have now filed their summary judgment motions and the responses will be due soon, my suggestion is that the court defer ruling on the motion to dissolve the preliminary injunction until the court has the opportunity to consider the motions and responses. I expect those submissions will make clearer the critical element of likelihood of success on the merits.

IV.

In all events, the Hinsdale Rosenbauer Quint does not constitute prior art that would invalidate the plaintiffs' '536 Patent.

A patent claim will be found invalid for anticipation when prior art describes "each and every claim limitation and enable[s] one of skill in the art to practice an embodiment of the claimed invention without undue experimentation." In re Chudik, 851 F.3d 1365, 1372 (Fed. Cir. 2017). Prior art is said to anticipate a patent claim "only if it discloses all the elements 'in the same form and order as in the claim.'" Id. (quoting Abbot Labs. v. Sandoz, Inc., 544 F.3d 1341, 1345 (Fed. Cir. 2008).

Regarding anticipation, the Supreme Court stated in Topliff v. Topliff, 145 U.S. 156, 161 (1982):

> It is not sufficient to constitute an anticipation that
> the device relied upon might, by modification, be

> made to accomplish the function performed by the patent in question, if it were not designed by its maker, nor adapted, nor actually used, for the performance of such functions.

The defendants assert that, because the 750-pound tip load limitation was satisfied, the Hinsdale Rosenbauer Quint raises a substantial question of invalidity of the '536 Patent and warrants dissolving the injunction.

The plaintiffs respond that the Hinsdale Rosenbauer Quint is not new evidence. The plaintiffs claim the defendants knew about the firetruck "since at least 2017" (Doc. S-206, p. 1). The Rosenbauer Raptor was referenced on the face of the plaintiffs' patents when they applied to the United States Patent and Trademark Office (Doc. 186, pp. 3–4). Thus, the plaintiffs assert that the defendants were on notice of the alleged prior art and should have opposed the injunction in a timely manner.

The plaintiffs contend further that the Hinsdale Rosenbauer Quint was not operated in its usual manner during the parties' inspection of the firetruck (id. at 5). After the inspections, the plaintiffs subpoenaed Rosenbauer employees to depose them about the testing conditions (id.). The Rosenbauer employees confirmed in their depositions that Rosenbauer "operated the aerial device of the Hinsdale Quint well beyond its design and intended use during both Defendants' and Plaintiffs' inspections" (Doc. S-206, p. 5).

At the hearing on the defendant's motion, the defendants disputed the plaintiffs' allegations that they had notice of the alleged prior art as early as 2017. The defendants also disputed that the conditions under which they tested the 750-pound tip load were contrived. These disputed matters do not clearly resolve whether the Hinsdale Rosebauer Quint is prior art.

The answer, however, is provided by Mr. Rosenbauer himself, because he clearly did not think the Hinsdale Rosenbauer Quint was prior art. As I quoted in the prior Report and Recommendation, Mr. Rosenbauer wrote the following about the Pierce 107' Ascendant truck (Doc. S-44, p. 30):

> The Concept They Are Selling, 109' Aerial
> - 500 gallons of water
> - 750 pound tip load
> - Single rear axle
>
> Five patents pending on the design
>
> Is it a miracle or smoke & mirrors?

If Rosenbauer's quint truly anticipated Pierce's quint, Mr. Rosenbauer would have claimed that he had already invented, or at least produced, such a firetruck. Instead, Mr. Rosenbauer appeared incredulous, calling Pierce's quint a "miracle or smoke & mirrors." Rosenbauer's statement demonstrates that he did not believe his quint shared the same features as Pierce's quint.

8

In sum, the motion to dissolve the preliminary injunction is based on the contention that the Hinsdale Rosebauer Quint is prior art. However, the statement from Mr. Rosenbauer—the manufacturer of that quint—negates that contention. Consequently, I recommend that the Motion to Dissolve the Preliminary Injunction (Doc. 167) be denied.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER 5, 2019.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.