## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PIERCE MANUFACTURING INC., and
OSHKOSH CORPORATION,

      Plaintiffs,

v.                                      Case No.: 8:18-cv-617-TPB-TGW

E-ONE, INC. and REV Group, INC.,

      Defendants.

_____

## JUDGMENT IN A CIVIL CASE

On June 14, 2021, the issues of whether E-One, Inc. and REV Group, Inc. (collectively, "Defendants") infringed claims 1, 5, and 20 of U.S. Patent No. 9,597,536 (the "'536 Patent") either literally or under the doctrine of equivalents by making, using, selling, offering to sell, and/or importing certain Metro 100 Single-Axle Quint firetrucks in the United States, whether any such infringement by Defendants was willful, whether claim 20 of the '536 Patent is invalid due to anticipation, and whether claims 1, 5, and 20 of the '536 Patent are invalid due to obviousness, lack of written description, or non-enablement were presented to the jury for consideration, as well as the issue of damages for any infringement of a valid claim.

On June 15, 2021, the jury returned its verdict, finding that Metro 100 Single-Axle Quints equipped with a 500-gallon water tank or water and foam tanks that combine to equal 500 gallons total infringed claims 1, 5, and 20 of the '536 Patent literally and/or under the doctrine of equivalents, that Metro 100 Single-Axle Quints equipped with a water tank of less than 500 gallons literally infringed claim 20 of the '536 Patent, that the infringement was willful, that claim 20 of the '536 Patent is

invalid as anticipated, and that claims 1, 5, and 20 of the '536 Patent are not invalid due to obviousness, lack of written description, or non-enablement. The jury awarded Plaintiffs Pierce Manufacturing Inc. and Oshkosh Corporation ("Plaintiffs") $1,287,854 in lost profits and a reasonable royalty of $170,500 for infringement of claims 1 and 5.

Upon consideration of the foregoing, **IT IS ORDERED** that Judgment is entered for the Plaintiffs and against Defendants with respect to the issues of infringement, willful infringement, and invalidity due to obviousness, non-enablement, and written description of claims 1, 5 and 20 of the '536 Patent. Plaintiffs, Pierce Manufacturing Inc. and Oshkosh Corporation shall recover from the Defendants, E-One, Inc. and REV Group, Inc., jointly and severally, the sum of $1,458,354, for which let execution issue.

**IT IS FURTHER ORDERED** that Judgment is entered for the Defendants and against the Plaintiffs with respect to claim 20 of the '536 Patent on the issue of anticipation.

The Court retains jurisdiction over any post-trial motions for permanent injunction, damages against the preliminary injunction bond, enhanced damages based on the jury's finding of willfulness, pre-judgment interest, and attorneys' fees and costs.

**DONE and ORDERED** in Tampa, Florida, this 28th day of July, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**