## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PIERCE MANUFACTURING, INC.,
and OSHKOSH CORPORATION

       Plaintiffs,

v.                                Case No.:  8:18-cv-617-TPB-TGW

E-ONE, INC. and REV GROUP, INC.,

       Defendants.

                                       /

## ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR ALTERNATIVELY TO ALTER OR AMEND THE JUDGMENT OR FOR A NEW TRIAL

This matter is before the Court on "Plaintiffs' Renewed Motion for Judgment as a Matter of Law, or Alternatively to Alter or Amend the Judgment or for a New Trial." (Doc. 459).  Defendants filed a response in opposition.  (Doc. 488).  The Court held a hearing to address this and other matters on December 6, 2021.  (Doc. 515). Upon review of the motion, response, legal arguments, court file, and the record, the Court finds as follows:

## Background

Plaintiffs Pierce Manufacturing, Inc. and Oshkosh Corporation brought this patent action against Defendants E-One, Inc. and REV Group, Inc., alleging infringement of patents for a particular fire truck design – a single rear axle quint fire truck.[1]  Plaintiffs specifically accused Defendants of infringing claims 1, 5, and

---

[1] For a more detailed explanation of the factual background of this case, see *Pierce Manufacturing, Inc. v. E-One, Inc.*, No. 8:18-cv-617-T-30TGW, 2020 WL 416268, at *1-2 (M.D. Fla. Jan. 27, 2020).

20 of U.S. Patent No. 9,597,536 (the "'536 patent").  (Doc. 426).  Following trial, the jury returned a mixed verdict, finding Defendants liable for infringing claims 1 and 5, but finding claim 20 invalid as anticipated by the prior art Hinsdale Quint fire truck.  For the infringement of claims 1 and 5, the jury returned a damages award of $1,287,854 in lost profits and $170,500 in reasonable royalties.

## Analysis

In the pending motion, Plaintiffs seek to set aside the jury's finding that the prior art Hinsdale Quint anticipates claim 20 of the '536 patent.  Alternatively, Plaintiffs request a new trial under Rule 59(a) to decide the validity of claim 20 and any resulting additional damages.

### *Judgment as a Matter of Law*

Judgment as a matter of law is an extraordinary remedy that should be invoked sparingly.  *See Edwards v. Shanley*, No. 610-cv-554-Orl-18DAB, 2013 WL 12200645, at *4 (M.D. Fla. Aug. 21, 2013), *aff'd sub nom. Edwards v. Shanley*, 580 F. App'x 816 (11th Cir. 2014).  It is the jury's task "to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 715 (11th Cir. 2002) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)) (internal quotations omitted).  Judgment as a matter of law is appropriate only "when the [party] presents no legally sufficient evidentiary basis for a reasonable jury to find for [them] on a material element of [their] cause of action." *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1278 (11th Cir. 2005).

In seeking to overturn the verdict or alter or amend the Judgment, Plaintiffs focus primarily on the proceedings relating to the term "configured to," which appears in claim 20 within the larger phrase "the ladder assembly is configured to support a tip load of at least 750 pounds." During the *Markman* proceedings, the parties jointly proposed that the Court construe the phrase "the ladder assembly is configured to support a tip load of at least 750 pounds." (Doc. 107 at 2). The Court construed this phrase, noting that "[t]he parties disagree over whether 'tip load' means the weight applied to the tip of the ladder or a 'rated capacity' of the ladder in increments of 250 pounds." (Doc. 158 at 4). The Court agreed with Plaintiffs that "tip load" "means the weight applied to the tip of the ladder with downward force, not the rated capacity of the ladder" (*Id.*).

The words "configured to" were included in the larger phrase that the parties asked the Court to construe, but neither party argued during the *Markman* proceedings that "configured to" has any special meaning to persons of ordinary skill in the art. It was therefore given its ordinary meaning. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) ("[W]ords of a claim are generally given their ordinary and customary meaning."). A predecessor judge issued a claim construction order on February 22, 2019. (Doc. 158).

Plaintiffs first raised an issue regarding the meaning of "configured to" in their motion for leave to construe claim terms, filed February 18, 2020, approximately five weeks before the trial was then scheduled to begin. (Doc. 312; Doc. 336). Defendants opposed, arguing that Plaintiffs did not show good cause to construe "configured to"

on the eve of trial.  (Doc. 318).  The Court (Judge Moody) heard argument on Plaintiffs' motion and subsequently denied it.  (Doc. 339).  During trial, the parties disputed the meaning of the term "configured to" and who could testify as to its meaning.  Throughout the trial, Plaintiffs continued to object to the Court's failure to construe the term "configured to."  At the Court's direction, after meeting and conferring on the issue, and noting Plaintiff's objections to the Court's failure to construe the disputed term, the parties reached an agreement that each party's expert would be permitted to testify as to how they and persons of ordinary skill in the art would interpret "configured to."  (Doc. 437 at 1153:3-16).  The trial then proceeded to a verdict.

In the pending motion, Plaintiffs contend that because the Court denied Plaintiffs' motion for leave to construe "configured to" (Doc. 339), the parties were left to improperly argue claim construction before the jury (Doc. 459 at 22).  Plaintiffs argue that the evidence and arguments presented to the Court show that "configured to" means "designed to," and that the jury clearly erred in not applying this meaning and finding claim 20 invalid as anticipated by the Hinsdale Quint.  (*Id.* at 22, 26-27). The Court disagrees.

Claim construction is a legal issue for the court to decide.  *ATEN Int'l Co. v. Uniclass Tech. Co.*, 932 F.3d 1364, 1370 (Fed. Cir. 2019).  In arguing that the Court should have construed "configured to," Plaintiffs rely (Doc. 459 at 21-22) on the Federal Circuit's decision in *O2 Micro Int'l Ltd. v. Beyond Innovation Tech., Co.* that "[w]hen the parties present a fundamental dispute regarding the scope of a claim

term, it is the court's duty to resolve it." 521 F.3d 1351, 1362 (Fed. Cir. 2008). Plaintiffs relied on this same case in their motion for leave to construe claim terms (Doc. 312 at 7), which the Court denied.

The Court does not read *O2 Micro* as requiring a district court to decide a new claim construction dispute raised after the *Markman* proceedings. Instead, the Court retains discretion in deciding whether to construe terms after the *Markman* proceedings have concluded. *See Bettcher Indus. v. Bunzl USA, Inc.*, 661 F.3d 629, 640-41 (Fed. Cir. 2011) (finding no *O2 Micro* violation where the district court declined to construe new terms on the eve of trial after "the parties agreed to a schedule of disclosures" and the "court issued a *Markman* order premised on the express belief that there were no other claim construction disputes"); *Nuance Communs., Inc. v. ABBYY USA Software House, Inc.*, 813 F.3d 1368, 1373 (Fed. Cir. 2016) (finding no *O2 Micro* violation where the district court adopted plaintiff's claim construction and decided there was no good cause for revisiting it).

Arguments to construe a claim term after the *Markman* proceedings can be waived without violating *O2 Micro*, and a court can allow the parties to argue the ordinary meaning of the claim term to a jury. This was the situation in *Nuance*, where the Federal Circuit rejected patentee's argument that "the district court failed to resolve the parties' claim construction dispute before trial in violation of *O2 Micro*." *Id.* at 1373. The Federal Circuit explained that "[t]he fact that shortly before trial [the patentee] became dissatisfied with its own proposed construction and sought a new one does not give rise to an *O2 Micro* violation." *Id.* While either party here

could have offered a specific construction for "configured to" during the scheduled *Markman* proceedings, neither party did so. (Doc. 107 at 2). Therefore, it appears that both sides were apparently satisfied at that time that "configured to" has an ordinary meaning that is readily understood by lay jurors. *Cf. Invensys Sys. v. Emerson Elec. Co.*, 63 F. Supp. 3d 663, 670-71 (E.D. Tex. 2014) (finding "configured to" is "readily accessible to the jury" and therefore "no construction is necessary for this term."); *Retractable Techs., Inc. v. Occupational & Med. Innovations, Ltd.*, 648 F. Supp. 2d 822, 828, n.8 (E.D. Tex. 2009) ("[N]o construction is necessary to construe 'configured' because 'configured' has a plain and ordinary meaning that the jury would understand without explanation."). The Court was not required to reopen the *Markman* proceedings to allow Plaintiffs to make new arguments because they later changed their minds. *See Nuance*, 813 F.3d at 1373.

During the December 6, 2021, hearing, Plaintiffs identified a recent Federal Circuit opinion, *Olaf Soot Design, LLC v. Daktronics, Inc.*, 839 F. App'x 505 (Fed. Cir. 2021), which they contend is relevant here. In *Olaf*, the Federal Circuit decided there was an *O2 Micro* violation after the parties had disputed a term during *Markman* briefing but the court did not resolve the dispute. *Id.* at 509. However, unlike in *Olaf*, the Plaintiffs here did not ask the Court to construe "configured to" until about one year after *Markman* proceedings concluded, approximately five weeks before the original trial date. (Doc. 312; Doc. 158; Doc. 336). The facts of this case are more similar to those in *Nuance* and *Bettcher*, where the Federal Circuit found no *O2 Micro* violation.

Plaintiffs also assert that they first recognized the dispute over the meaning of "configured to" when Defendants identified the Hinsdale Quint as prior art. (Doc. 459 at 2). However, Plaintiffs cite no authority that imposes a duty on the Court to construe additional claim terms after the *Markman* decision based on prior art found in the normal course of discovery. Indeed, allowing parties to raise new claim construction disputes throughout discovery would contravene the Court's inherent case management and scheduling authority and would likely complicate rather than simplify the issues in most cases. *See Wi-LAN USA, Inc. v. Apple Inc.*, 830 F.3d 1374, 1385 (Fed. Cir. 2016) ("We generally support a district court's case-management authority to set a schedule for claim construction that requires parties to take positions on various dates and holds the parties to these positions."). The Court denied Plaintiffs' motion to construe "configured to" on the eve of trial (Doc. 339), and Plaintiffs have not shown that the Court committed legal error in doing so.

The Court now turns to the issue of whether the jury accepted Plaintiffs' position that "configured to" means "designed to" or Defendants' position that "configured to" means "capable of"/"able to," and whether the jury would have reached a different verdict on the validity of claim 20 had it accepted Plaintiffs' position. At trial, the parties' engineering experts did not dispute that the Hinsdale Quint held 750-pounds on the end of the aerial ladder when it was extended at least 90 feet horizontally. (Doc. 437 at 1195:14-23, 1199:11-1200:17; Doc. 438 at 1515:20-1516:10). Likewise, an aerial sales manager for Rosenbauer, the company that made and sold the Hinsdale Quint, testified that he attended the parties' tests during which the

aerial ladder was extended to over 90 feet and a 750-pound weight was hung off the end. (Doc. 436 at 1135:12-1136:6, 1139:7-1140:7). Despite this, Plaintiffs' expert, Dr. Kurfess, testified that the Hinsdale Quint was not *designed* to support a 750-pound tip load. (Doc. 438 at 1458:18-21). Defendants' expert, Dr. Rakow, disagreed with Dr. Kurfess and testified that the Hinsdale Quint was designed to, engineered to, capable of, and able to support a 750-pound tip load. (Doc. 437 at 1218:11-1219:2).

The Court finds that, regardless of the construction of "configured to," there is sufficient evidence in the record to support the jury's verdict that the Hinsdale Quint anticipates claim 20. Because there is sufficient evidence in the record to support the jury's finding whether "configured to" means "capable of"/"able to" or "designed to," the Court disagrees with Plaintiffs' assertion that "the jury applied the incorrect construction of the term 'configured to' to find the claim anticipated." (Doc. 459 at 21).

Plaintiffs also contend that the Hinsdale Quint does not anticipate claim 20 because it was artificially manipulated during testing. (Doc. 459 at 17-18). For this, Plaintiffs rely on the Supreme Court's decision in *Topliff v. Topliff*, 145 U.S. 156, 161 (1892). Defendants disagree that the Hinsdale Quint was artificially manipulated during the testing, and they point to evidence in the record supporting this position. (Doc. 436 at 1138:3-19). This issue was squarely before the jury. The Court finds that the jury had sufficient evidence from which to conclude the testing of the Hinsdale Quint's tip load was performed without undue artificial manipulation or alteration.

Because the Court did not err in denying Plaintiffs' motion to construe additional claim terms, and because there is sufficient evidence in the record supporting the jury's anticipation verdict regardless of whether it interpreted "configured to" as "capable of"/"able to" or "designed to," the Court denies Plaintiffs' motion for judgment as a matter of law.

### *Request for a New Trial*

In the alternative, Plaintiffs request a new trial under Rule 59(a) "[t]o the extent the Court determines that additional fact finding is necessary." (Doc. 459 at 27). The Court has discretion to grant a new trial if it determines that additional fact finding is necessary. *See* Fed. R. Civ. P. 59(a)(1). Here, the Court finds that additional fact finding is not necessary. Moreover, as explained above, the Court does not perceive any legal error or defect in the jury's verdict necessitating a new trial. Accordingly, the Court denies Plaintiffs' request for a new trial.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** that "Plaintiffs' Renewed Motion for Judgment as a Matter of Law, or Alternatively to Alter or Amend the Judgment or for a New Trial" (Doc. 459) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of February, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**