**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PIERCE MANUFACTURING, INC.,
and OSHKOSH CORPORATION

      Plaintiffs,

v.                                    Case No.:  8:18-cv-617-TPB-TGW

E-ONE, INC. and REV GROUP, INC.,

      Defendants.

                                    /

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS PIERCE**
**MANUFACTURING INC. AND OSHKOSH CORPORATION'S MOTION FOR**
**PRE- AND POST- JUDGMENT INTEREST**

This matter is before the Court upon "Plaintiffs Pierce Manufacturing Inc.

and Oshkosh Corporation's Motion for Pre- and Post- Judgment Interest." (Doc.

453). Defendants filed a response in partial opposition. (Doc. 487). The Court held

a hearing to address this and other matters on December 6, 2021. (Doc. 515). Upon

review of the motion, response, legal arguments, court file, and the record, the

Court finds as follows:

**Background**

Plaintiffs Pierce Manufacturing, Inc. and Oshkosh Corporation brought this

patent action against Defendants E-One, Inc. and REV Group, Inc., alleging

infringement of patents for a particular fire truck design – a single rear axle quint

fire truck.[1]  Plaintiffs specifically accused Defendants of infringing claims 1, 5, and 20 of U.S. Patent No. 9,597,536 (the "'536 patent").  (Doc. 426).  Following trial, the jury returned a mixed verdict, finding Defendants liable for infringing claims 1 and 5, but finding claim 20 invalid as anticipated by the prior art Hinsdale Quint fire truck.  For the infringement of claims 1 and 5, the jury returned a damages award of $1,287,854 in lost profits and $170,500 in reasonable royalties.

## Analysis

The parties do not dispute that an award of prejudgment and post-judgment interest is appropriate.  The only disputes relate to the accrual, rate, and calculation of prejudgment interest.

The Court is awarded wide discretion in awarding prejudgment interest. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656-57 (1983).  "For example, it may be appropriate to limit prejudgment interest, or perhaps deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit. There may be other circumstances in which it may be appropriate not to award prejudgment interest." *Id.*

In selecting an appropriate interest rate, the Court must be mindful that "[p]rejudgment interest has no punitive, but only compensatory, purposes." *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996).  The purpose of prejudgment interest is to place a plaintiff "in the situation [it] would have occupied if the wrong

---

[1] For a more detailed explanation of the factual background of this case, see *Pierce Manufacturing, Inc. v. E-One, Inc.*, No. 8:18-cv-617-T-30TGW, 2020 WL 416268, at *1-2 (M.D. Fla. Jan. 27, 2020).

had not been committed." *Fromson v. Western Litho Plate and Supply Co.*, 853 F.2d 1568, 1574 (Fed. Cir. 1988).

### *Accrual of Prejudgment Interest*

Defendants argue that any prejudgment interest calculation should exclude the period of time that the trial was continued due to the COVID-19 pandemic. The case was originally schedule for trial on March 23, 2020. (*See* Doc. 336). Ten days before trial, Plaintiffs moved to continue the trial date because Pierce had issued a travel ban for all its employees due to the COVID-19 situation. (Doc. 342). Defendants opposed Plaintiffs' motion, citing their expended investments in preparation for trial and the fact that trial was less than two weeks away. (Doc. 346). At that time, the court was still operating and trials were taking place. Nevertheless, the Court granted Plaintiffs' motion for a continuance (Doc. 349), and the rescheduled jury trial commenced the following year on June 7, 2021.

Courts are granted wide discretion to limit prejudgment interest when the party seeking prejudgment interest requested a stay or continuance that resulted in a delay of the trial. *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1546 (Fed. Cir. 1991). Here, the Court finds that Plaintiffs are not entitled to prejudgment interest for the period of the continuance they requested. Accordingly, the award of prejudgment interest shall accrue from July 15, 2017 (the date of first alleged infringement) through March 23, 2020 (the original trial date) and from June 7, 2021 (the date the reschedule trial began) through July 28, 2021 (the date of Judgment), excluding the period from March 23, 2020, to June 7, 2021.

*Prejudgment Interest Rate*

Plaintiffs request that the Court apply the Florida statutory rate of 5.53%, while Defendants contend that the weighted average prime rate of 4.36% is more appropriate.  "The commercial prime rate 'appears to be the most common indicia used in calculating prejudgment interest.'"  *Golden Voice Tech. & Training, L.L.C. v. Rockwell Elec.*, Case No. 6:01-cv-01036, 2004 U.S. Dist. LEXIS 22064, at *20 (M.D. Fla. Jan. 30, 2004) (citing Pat. L. Fundamentals § 18:63 (2d ed.)).  The Court agrees with Defendants that the weighted average prime rate of 4.36% is appropriate here.

*Prejudgment Interest Calculation*

Plaintiffs request a calculation of prejudgment interest based on the notion that the entire damages award of $1,458,354 would have been paid in a single lump sum on the date of the first alleged infringement, July 15, 2017.  Defendants disagree and argue that a calculation based on six quarterly payments spanning the damages period from July 15, 2017, through December 13, 2018 (the effective date of the preliminary injunction), is a more practical and realistic approach.  The Court agrees that Defendants' calculation would better match the typical business practice of paying royalties on a quarterly basis and place Plaintiffs in the situation they would have occupied if the infringement had not occurred.  There is no realistic scenario where Plaintiffs would have received the entire amount of the damages award as a lump sum on the first date of infringement.

Accordingly, the Court finds that six quarterly payments, spanning July 15, 2017, to December 13, 2018, at the prejudgment interest rate of 4.36% compounded annually, excluding the period from March 23, 2020, through June 7, 2021, is an appropriate model for calculating prejudgment interest in this case.

### *Post-Judgment Interest*

There is no dispute as to Plaintiffs' request for post-judgment interest. Therefore, the Court grants Plaintiffs post-judgment interest from July 28, 2021, the date of Judgment, to accrue at a rate of 0.072% per annum—the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. (28 U.S.C. § 1961(a)). The rate is computed daily and compounded annually. (28 U.S.C. § 1961(b)). Thus, Plaintiffs are entitled to post-judgment interest on the $1,458,354 sum at a daily rate of $2.88.[2] All such post-judgment interest is to run from the date of Judgment until the Judgment is paid in full.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiffs Pierce Manufacturing Inc. and Oshkosh Corporation's Motion for Pre- and Post- Judgment Interest" (Doc. 453) is **GRANTED IN PART** and **DENIED IN PART**.

---

[2] Formula applied: Treasury Nominal 1-year percentage rate (0.00072) x Principal amount ($1,458,354) = $1,050.01/365 days = daily rate ($2.88).

(2) On or before February 28, 2022, the parties are directed to submit a joint

statement setting forth their calculation of prejudgment interest using the

criteria set forth in this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of

February, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**