UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PIERCE MANUFACTURING, INC.,
and OSHKOSH CORPORATION

    Plaintiffs,

v.                                                      Case No.:  8:18-cv-617-TPB-TGW

E-ONE, INC. and REV GROUP, INC.,

    Defendants.
_____/

## ORDER DENYING "PLAINTIFFS OSHKOSH CORPORATION AND PIERCE MANUFACTURING INC.'S MOTION FOR A PERMANENT INJUNCTION"

This matter is before the Court on "Plaintiffs Oshkosh Corporation and Pierce Manufacturing Inc.'s Motion for a Permanent Injunction and Memorandum in Support Thereof". (Doc. 457). Defendants filed a response in opposition. (Doc. 495). The Court held a hearing to address this and other matters on December 6, 2021. (Doc. 515). Upon review of the motion, response, legal arguments, court file, and the record, the Court finds as follows:

## Background

Plaintiffs Pierce Manufacturing, Inc. and Oshkosh Corporation brought this patent action against Defendants E-One, Inc. and REV Group, Inc., alleging infringement of patents for a particular fire truck design – a single rear axle quint fire truck.[1] Plaintiffs specifically accused Defendants of

---

[1] For a more detailed explanation of the factual background of this case, see *Pierce Manufacturing, Inc. v. E-One, Inc.*, No. 8:18-cv-617-T-30TGW, 2020 WL 416268, at *1-2 (M.D. Fla. Jan. 27, 2020).

infringing claims 1, 5, and 20 of U.S. Patent No. 9,597,536 (the "'536 patent"). (Doc. 426). Following trial, the jury returned a mixed verdict, finding Defendants liable for infringing claims 1 and 5, but finding claim 20 invalid as anticipated by the prior art Hinsdale Quint fire truck. For the infringement of claims 1 and 5, the jury returned a damages award of $1,287,854 in lost profits and $170,500 in reasonable royalties.

## Analysis

In the pending motion, Plaintiffs ask the Court to enter an order permanently enjoining Defendants from making, using, selling, offering for sale, or importing into the United States any infringing Metro 100 Quint, including in particular those having a 500-gallon water tank, or water and foam tanks that combine to hold 500 gallons.

The Court may "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283; *see eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-92 (2006). A patentee seeking a permanent injunction must satisfy the following four-factor test before a court can grant relief: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

*Id.* at 391. The grant of an injunction is not a matter of right following a finding of infringement but "an act of equitable discretion by the district court." *Id.*

The injunctive process is designed to deter, not to punish. *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944); *Amstar Corp. v. Environtech Corp.*, 823 F.2d 1538, 1549 (Fed. Cir. 1987) ("Punishment is not the purpose of an injunction . . . ."). In addition, an injunction "cannot impose unnecessary restraints on lawful activity." *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311-1312 (Fed. Cir. 2002) ("This court has stressed that a trial court, upon a finding of infringement, must narrowly tailor an injunction to fit the specific adjudged violations." (citation omitted)).

Considering the parties' arguments and applying the four *eBay* factors, the Court agrees with Defendants that Plaintiffs have not satisfied all four factors. Regarding the first factor, irreparable harm, Plaintiffs have not shown that the infringing feature of the accused product has caused or will cause harm, or that it drives customer demand. *See Apple Inc. v. Samsung Elecs. Co. (Apple III)*, 735 F.3d 1352, 1360-61 (Fed. Cir. 2013). The jury found claim 1 of the '536 patent valid and infringed but found claim 20 invalid. (Doc. 426). Claims 1 and 20 only differ in one respect: claim 1 requires a water tank of at least 500-gallons and claim 20 does not. (Doc. 435, Trial Tr. at 756:7-13 (Plaintiffs' expert, Dr. Kurfess, confirming claims 1 and 20 are identical except for the 500-gallon water tank limitation)).

Plaintiffs have not shown a connection between the patented and infringing feature (the 500-gallon water tank) and the demand for either the accused product

(Defendants' Metro 100 Quint) or Plaintiffs' own product (the Ascendant quint). Nor have Plaintiffs shown that they would not have lost sales for reasons other than the 500-gallon water tank. Additionally, the trial record shows that Defendants' customers bought E-One's fire trucks for reasons other than having a 500-gallon water tank, such as their robust design, criss-cross underslung jacks, and integrated torque box. (Doc. 434, Trial Tr. at 535:19–544:20; Doc. 436, Trial Tr. at 932:16–933:2, 934:14–25). Plaintiffs have therefore not shown evidence of a causal nexus. Moreover, there is evidence that Plaintiffs compete for sales of their Ascendant fire truck against companies other than Defendants, which further undercuts Plaintiffs' claim of irreparable harm. (Doc. 495-1); *see Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 577 (D. Del. 2011) ("As plaintiffs and defendants are not the only competitors in this multi-supplier market, defendants' infringement has not necessarily affected plaintiffs' market position.").

The Court is also not persuaded that monetary damages are inadequate or that the balance of hardships favors a permanent injunction here. The parties relied on experts to calculate a reasonable royalty rate for Defendants' infringing fire truck sales. While the parties' experts disagreed as to the amount, they were both able to calculate monetary relief presumably adequate to compensate for Defendants' infringement. And to the extent Plaintiffs were harmed, there is no evidence that they were harmed because Defendants included a 500-gallon-plus water tank on some of their Metro 100 Quint fire trucks. To align with the jury's verdict, any permanent injunction would need to be narrowly tailored only to enjoin

such 500-gallon-plus Metro 100 Quints, not Metro 100 Quints with less than 500-gallon water tanks. Based on the trial record, there is insufficient evidence from which to conclude that Plaintiffs will be harmed specifically by the sale of 500-gallon Metro 100 Quints while sub-500-gallon Metro 100 Quints remain on the market.

Finally, the Court is not convinced that a permanent injunction would serve the public interest. Plaintiffs argue that "[t]here is a public interest in upholding patent rights that favors injunctive relief." (Doc. 457 at 25). The Court agrees that there is a public interest in upholding patent rights, but that is present in every patent case. In this case, a permanent injunction would remove a fire truck (Metro 100 Quints with 500-gallon water tanks) from the market, such that fire departments and municipalities – which are often on tight budgets for emergency vehicles equipment – would have one less option to choose from. Although there is a public interest in upholding patent rights, in this case, it does not tip the scale toward granting a permanent injunction without more. *See ActiveVideo Networks, Inc. v. Verizon Comms., Inc.*, 694 F.3d 1312, 1341 ("If the general public interest in upholding patent rights alone was sufficient to mandate injunctive relief when none of the other three factors support injunctive relief, then we would be back to the general rule that a patentee should always receive an injunction against infringement.").

Because Plaintiffs have not satisfied the four *eBay* factors, the Court agrees with Defendants that Plaintiffs are not entitled to a permanent injunction. If

Defendants make, use, sell, offer for sale, or import into the United States any quint fire truck that infringes claims 1 or 5 of the '536 patent, allowing the parties to negotiate a compulsory license is an appropriate remedy since Plaintiffs have not shown entitlement to a permanent injunction under *eBay*.  See *Voda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cir. 2008) (affirming the district court's denial of Voda's request for a permanent injunction where the district court decided "monetary damages were adequate to compensate Voda"); *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1379 (Fed. Cir. 2008) (vacating a permanent injunction and granting a compulsory license to Abbott).  Barring a mutual agreement on license terms, to the extent Plaintiffs remain threatened by continued infringement, they will continue to have a cause of action against Defendants for monetary damages to remedy the continued infringement.  See *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 564 (D. Del. 2011).

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED** that "Plaintiffs Oshkosh Corporation and Pierce Manufacturing Inc.'s Motion for a Permanent Injunction and Memorandum in Support Thereof" (Doc. 457) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of February, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**