UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PIERCE MANUFACTURING, INC.,
and OSHKOSH CORPORATION

    Plaintiffs,
v.                                                      Case No.:  8:18-cv-617-TPB-TGW

E-ONE, INC. and REV GROUP, INC.,

    Defendants.
_____/

**ORDER DENYING "PLAINTIFFS PIERCE MANUFACTURING INC. AND OSHKOSH CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS"**

This matter is before the Court upon "Plaintiffs Pierce Manufacturing Inc. and Oshkosh Corporation's Motion for Attorneys' Fees and Costs."  (Docs. 446; S-471).  Defendants filed a response in opposition.  (Doc. 474).  The Court held a hearing to address this and other matters on December 6, 2021.  (Doc. 515).  Upon review of the motion, response, legal arguments, court file, and the record, the Court finds as follows:

**Background**

Plaintiffs Pierce Manufacturing, Inc. and Oshkosh Corporation brought this patent action against Defendants E-One, Inc. and REV Group, Inc., alleging infringement of patents for a particular fire truck design – a single rear axle quint fire truck.[1]  Plaintiffs specifically accused Defendants of infringing claims 1, 5, and

---

[1] For a more detailed explanation of the factual background of this case, see *Pierce Manufacturing, Inc. v. E-One, Inc.*, No. 8:18-cv-617-T-30TGW, 2020 WL 416268, at *1-2 (M.D. Fla. Jan. 27, 2020).

20 of U.S. Patent No. 9,597,536 (the "'536 patent"). (Doc. 426). Following trial, the jury returned a mixed verdict, finding Defendants liable for infringing claims 1 and 5, but finding claim 20 invalid as anticipated by the prior art Hinsdale Quint fire truck. For the infringement of claims 1 and 5, the jury returned a damages award of $1,287,854 in lost profits and $170,500 in reasonable royalties.

## Analysis

In the pending motion, Plaintiffs ask the Court to find this case exceptional and award Plaintiffs their attorneys' fees and costs against Defendants.

### *Plaintiffs' Request for Attorneys' Fees*

A prevailing party in a patent case may recover attorneys' fees in exceptional cases that are "uncommon, rare, or not ordinary." *Octane Fitness LLC v. ICON Health & Fitness Inc.*, 572 U.S. 545, 553 (2014); 35 U.S.C. § 285. An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. District courts may exercise their discretion – considering the totality of the circumstances – to determine whether a case is exceptional and an award of fees is appropriate. *Id.* Attorneys' fees are not to be awarded to punish a party for losing. *Munchkin, Inc. v. Luv N' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020). Instead, they may be granted to prevent a party from suffering a gross injustice upon a finding of unfairness or bad faith in the conduct of the losing party. *Id.*; *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).

Plaintiffs first contend they are entitled to an award of attorneys' fees because Defendants' non-infringement positions lacked substantive strength. The Court disagrees. Before this case was filed, Defendants notified Plaintiffs that they did not infringe at least because the accused Metro 100 Quint had a rated tip load of 500 pounds—250 pounds less than the tip load requirement in the asserted patent claims. (Doc. 474-2). During the *Markman* proceedings, however, the Court construed the tip load limitation to mean "the weight applied to the tip of the ladder with downward force, not the rated capacity." (Doc. 158 at 4). Plaintiffs therefore argue that the question of infringement never should have gone to trial because the Metro 100 Quint was undisputedly capable of supporting a weight of 750-pounds at the end of the ladder. But this ignores Defendants' invalidity defense, which also involved the same "tip load" limitation.

During discovery, Defendants located and tested a prior art fire truck, the Hinsdale Quint, and demonstrated that it, too, could support a weight of 750-pounds at the end of the ladder. Defendants expressly tied their non-infringement position to their invalidity position, arguing that Plaintiffs cannot have it both ways—either the asserted claims are invalid or they are not infringed.

Plaintiffs' own expert witness acknowledged that Defendants cannot infringe an invalid claim. (Doc. 435 at 661:6-9). As such, Defendants presented a sound non-infringement defense, arguing that if the Metro 100 Quint is found to infringe the asserted claims because it can support a load of 750-pounds at the tip of the ladder, then those same claims are invalid (and thus not infringed) because the

prior art Hinsdale Quint can also support the same 750-pound load at the tip of its ladder.  At the summary judgment phase, the Court found this argument credible and persuasive.  (Doc. 288 at 14).  The Court is still of that opinion.  Indeed, in finding claim 20 of the '536 patent anticipated by the Hinsdale quint, the jury partially agreed with Defendants' argument.

Plaintiffs also argue that certain of Defendants' discovery responses make this an exceptional case warranting an award of attorneys' fees under Fed. R. Civ. P. 37(c)(2).  After the Court's *Markman* ruling, Plaintiffs served a set of requests for admission on Defendants, requesting admissions that the Metro 100 Quint met each and every limitation of the asserted claims.  (Doc. 446-1).  Defendants objected to each request as seeking information that is appropriately the subject of expert opinion and testimony.  (Doc. 447-1).  Whether these objections were appropriate or not, it appears that many of Plaintiffs' requests were in fact answered during expert discovery since the parties were eventually able to come to a stipulation regarding patent limitations and other issues not in dispute before trial.  (*See* Doc. 407).  The Court also notes that Plaintiffs did not move to compel responses to these requests for admission or otherwise raise this issue with the Court during discovery.  *See Carnival Corp. v. McCall*, No. 18-24588-CIV-UNGARO/O'SULLIVAN, 2020 WL 6788102, at *10-12 (S. D. Fla. Sept. 8, 2020) (finding case not exceptional based on alleged discovery violations where "the plaintiff did not seek to compel the defendant's discovery responses or otherwise avail itself of the Court's discovery procedures").  Despite Plaintiffs' current contentions regarding Defendants'

discovery responses – which were never brought to the Court's attention – the Court finds that this case was litigated thoroughly but professionally. The result was a mixed verdict with both parties getting some of what they wanted and neither party getting all of what it wanted. That is decidedly un-extraordinary, both in terms of the litigation and the result. As a result, the Court does not find this case to be exceptional.

### *Plaintiffs' Request for Costs*

Plaintiffs argue that they are entitled to costs because they are the prevailing party. Defendants contend that they are also a prevailing party since they prevailed on their invalidity counterclaim. To be the prevailing party, the Court must find: "(1) that the party received at least some relief on the merits, and (2) [t]hat relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." *Chico's FAS, Inc. v. Clair*, No. 2:13-cv-792-FtM-38MRM, 2018 WL 1833134, at *3 (M.D. Fla. Jan. 25, 2018), *report and recommendation adopted*, No. 2:13-cv-792-FtM-38MRM, 2018 WL 1062726 (M.D. Fla. Feb. 27, 2018). However, "a party need not prevail on all of the claims to be considered the prevailing party." *Id.*

The Court understands that even in mixed judgment cases like this one, it must still choose one prevailing party for purposes of determining the costs award. *Id.* But, at the same time, it is well understood that the prevailing party does not automatically receive any particular level of fees or costs. *Id.* Indeed, while the Eleventh Circuit has established a presumption under Rule 54(d) that costs are to be awarded to a prevailing party, the Court is vested with wide discretion to decide

otherwise. *Id.* at *6 (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc)).

Therefore, although the Court determines that Plaintiffs are the prevailing party, it also finds that in this situation, where the jury returned a split verdict in a close case, the fair and reasonable solution is to have each party bear its own taxable costs. *See Woods v. On Baldwin Pond, LLC*, No. 613-cv-726, 2016 WL 7325546, at *11 (M.D. Fla. Apr. 29, 2016), *report and recommendation adopted*, 2016 WL 4927639 (M.D. Fla. Sept. 16, 2016) ("In view of the mixed judgment . . . the equitable result is for each side to bear its own costs.").

Accordingly, "Plaintiffs Pierce Manufacturing Inc. and Oshkosh Corporation's Motion for Attorneys' Fees and Costs" (Docs. 446; S-471) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of February, 2022.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**